No. 03-019

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 177

RONALD BURCHETT,

   Plaintiff and Appellant,

 v.

MASTEC NORTH AMERICA, INC, a Florida corporation,

   Defendant and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
        In and for the County of Yellowstone, Cause No. DV 01-428,
        The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Thomas E. Towe, Towe, Bail, Enright, Mackey & Sommerfield, P.L.L.P.,
      Billings, Montana

   For Respondent:

      Donald R. Herndon, Melanie S. Pfeifer, Herndon, Sweeney & Halverson,
      P.C., Billings, Montana

        Submitted on Briefs:  June 12, 2003

          Decided:  July 6, 2004

Filed:

      _____
           Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant Ronald Burchett (Burchett) was discharged from his employment with Respondent MasTec North America, Inc. (MasTec) and filed a Complaint in Montana's Thirteenth Judicial District Court, Yellowstone County, against MasTec alleging violations of the Montana Wrongful Discharge From Employment Act (WDEA). The District Court granted MasTec's Motion to Dismiss on the grounds that Montana lacked subject matter jurisdiction to adjudicate Burchett's claim and that Montana's WDEA did not apply. Burchett appeals. We reverse and remand to the District Court.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err when it concluded that Montana's Wrongful Discharge From Employment Act did not apply to Burchett's claim?

¶4 2. Did the District Court err when it dismissed Burchett's complaint for lack of subject matter jurisdiction?

BACKGROUND

¶5 Burchett was employed by C&S Directional Boring from March 2000 to January 2001. C&S Directional Boring is now a subsidiary of MasTec. MasTec is a Florida corporation, and the division of its business relevant to this appeal is operated out of Purcell, Oklahoma. MasTec lays fiber optic cable throughout the United States.

¶6 Burchett was hired by telephone while working temporarily in Massachusetts. The employment contract was never reduced to writing. MasTec hired Burchett to work as a field mechanic, a job which required travel. During the time Burchett was employed by MasTec, he lived and worked in Purcell, Oklahoma, Red Bluff, California, and LaPorte,

2

Indiana.  At the time of his hiring, MasTec asked Burchett his state of residence and requested a copy of his driver's license.  Burchett informed MasTec he was a Montana resident and produced a Montana driver's license.

¶7      While working in Indiana, Burchett had a dispute with his supervisor and was fired. Burchett filed a Complaint in the Thirteenth Judicial District Court against MasTec alleging violations of Montana's WDEA, Title 39, Chapter 2, Part 9, Montana Code Annotated. Specifically, Burchett alleges MasTec violated the WDEA by discharging him without cause after fulfilling his probationary period, and in retaliation for his refusal to violate public policy and reporting a public policy violation.

¶8      MasTec filed a Motion to Dismiss for lack of subject matter jurisdiction.  The District Court granted the motion.  Burchett appeals from the District Court's Order.

## STANDARD OF REVIEW

¶9      We review a district court's ruling on a motion to dismiss to determine whether the court abused its discretion.  *Pickens v. Shelton-Thompson*, 2000 MT 131, ¶ 7, 300 Mont. 16, ¶ 7, 3 P.3d 603, ¶ 7.  However, a court's determination that it lacks subject matter jurisdiction is a conclusion of law which we review to determine whether the court's interpretation of the law is correct.  *Pickens*, ¶ 7.

## DISCUSSION

## ISSUE ONE

¶10     Did the District Court err when it concluded that Montana's Wrongful Discharge From Employment Act did not apply to Burchett's claim?

¶11     In granting MasTec's Motion to Dismiss, the District Court concluded that Montana

3

did not have a significant enough relationship with the case for a Montana court to have subject matter jurisdiction over the controversy.

¶12    At issue in this case is an employment contract.  In determining the choice of law rules for contract disputes, this Court adopted the approach contained in the Restatement (Second) of Conflict of Laws (1971).  *See Casarotto v. Lombardi* (1994), 268 Mont. 369, 373-74, 886 P.2d 931, 934, *cert. granted and vacated on other grounds sub nom. Doctor's Associates, Inc. v. Casarotto* (1995), 515 U.S. 1129, 115 S.Ct. 2552, 132 L.Ed.2d 807, *and on remand sub nom. Casarotto v. Lombardi* (1995), 274 Mont. 3, 901 P.2d 596, *and cert. granted on other grounds sub nom. Doctor's Associates, Inc. v. Casarotto* (1996), 516 U.S. 1036, 116 S.Ct. 690, 133 L.Ed.2d 594, *and rev'd on other grounds Doctor's Associates, Inc. v. Casarotto* (1996), 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902.  Our conflict of laws analysis begins with the general principles set forth in § 6 of the Restatement (Second), which states:

> Choice-of-law Principles
> (1)  A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2)  When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
>> (a) the needs of the interstate and international systems,
>> (b) the relevant policies of the forum,
>> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>> (d) the protection of justified expectations,
>> (e) the basic policies underlying the particular field of law,
>> (f) certainty, predictability and uniformity of result, and
>> (g) ease in the determination and application of the law to be applied.

¶13    Applying the first paragraph of § 6, we look to § 28-3-102, MCA, Montana's statutory directive for choice of law.  Section 28-3-102, MCA, provides that, "[a] contract is to be

4

interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Under the unique facts of this case, however, § 28-3-102, MCA, is not instructive. At the time Burchett and MasTec entered into the employment contract, the parties did not know where it was to be performed; the work Burchett was hired to perform was transitory by nature. Furthermore, in this case it would be inappropriate to apply the law of the place where the contract was made. The contract was formed during a telephone conversation when Burchett was temporarily in Massachusetts and the representative of MasTec who hired him was in Oklahoma. The connections to Massachusetts and Oklahoma are far too tenuous to justify applying the laws of either state here.

¶14 We next turn to § 187 of the Restatement (Second) of Conflict of Laws (1971), which gives us more specific guidance in this situation. "When parties specify their choice of law in a contract, that choice will be effectuated subject to the limitations in section 187(2) . . . ." *M + W Zander v. Scott Co. of California* (Or. Ct. App. 2003) 78 P.3d 118, 121. Section 187 states:

> Law of the State Chosen by the Parties
> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
> > (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> > (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest

than the chosen states in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

¶15    Burchett argues that with regard to § 187, the parties chose Montana law to govern their contract. Although the decision to apply Montana law was not stated expressly in the employment contract, the parties agreed that income taxes, unemployment insurance premiums, and wages were to be paid to Montana. This, Burchett asserts, constitutes an expression of the parties to have all of the contract provisions governed by Montana law. A Comment to § 187 explains that generally, when parties have chosen the state of the applicable law they will generally refer to it expressly in their contract. Restatement (Second) of Conflict of Laws, § 187, cmt. a (1971). The Comment goes on to state that, "even when the contract does not refer to any state, the forum may nevertheless be able to conclude from its provisions that the parties did wish to have the law of a particular state applied." Restatement (Second) of Conflict of Laws, § 187, cmt. a (1971).

¶16    We agree with Burchett on this point. By agreeing to pay income taxes, unemployment insurance premiums, and wages to Montana, MasTec manifested its intent to be governed by Montana law. A contract provision may be broad enough to indicate the entire contract be governed by the laws of the state governing the particular provision. In *Maxwell Shapiro Woolen Co. v. Amerotron Corp.* (Mass. 1959), 158 N.E.2d 875, 878, the Massachusetts Supreme Court held that because a clause in a contract called for arbitration in one state, that state's laws applied for the entire contract.

¶17    In *Dailey v. Transitron Electronic Corp.* (5th Cir. 1973), 475 F.2d 12, the Fifth Circuit

6

addressed a factually similar situation. In that case, the employee resided in California when initially contacted by the employer regarding his employment. The employee was assigned to work in Mexico but maintained a residence in Texas. The written employment contract was signed in Mexico. The Fifth Circuit held that the parties manifested their intent to have the employment contract governed by Texas law rather than Mexican law. The court based its holding, in part, on the fact that the employee was paid with checks drawn on a United States bank, United States social security and withholding taxes were deducted from his paycheck, and the employer paid unemployment compensation taxes to Texas on his wages. *Dailey*, 475 F.2d at 13-14.

¶18 MasTec now argues that it mistakenly paid taxes to Montana and therefore did not show intent to be bound by the laws of Montana. We do not find MasTec's argument persuasive. In fact, short of stating it expressly in the contract, it is hard to imagine what more MasTec could have done to demonstrate its intent to avail itself to the laws of Montana. We conclude that there is sufficient evidence to find that Burchett and MasTec chose for their contract to be governed by Montana law pursuant to § 187(1) of the Restatement (Second) of Conflict of Laws (1971).

¶19 Even absent our finding that the parties intended Montana law to govern their contract, we would still find Montana law governs this case under § 188 of the Restatement (Second) of Conflict of Laws (1971). Under § 188, the local law of the state which has the most significant relationship to the transaction under the principles stated in § 6 applies to questions of contract interpretation absent an effective choice of law by the parties. *Commercial Ins. Co. v. Pacific-Peru Const. Corp.* (9th Cir. 1977), 558 F.2d 948, 952.

7

Section 188 states:

> Law Governing in Absence of Effective Choice by the Parties
> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.
> (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>> (a) the place of contracting,
>> (b) the place of negotiation of the contract,
>> (c) the place of performance,
>> (d) the location of the subject matter of the contract, and
>> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.
> (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189-199 and 203.

¶20     Section 188 instructs us to evaluate its factors according to their relevance. As we have already discussed, the factors enumerated in subsections (a) and (b) of § 188(2), the place of contracting and the place of negotiation of the contract, bear little significance in this case. Subsection (c), the place of performance, is also of little importance here, as the parties did not know at the time of contracting where Burchett would be assigned to work and due to the transitory nature of his work. Subsection (d), the location of the subject matter of the contract, is of little importance here for the same reason.

¶21     The only factor enumerated in § 188(2) that has significance in this case is found in subsection (e), the domicil, residence, nationality, place of incorporation and place of business of the parties. MasTec's place of incorporation and places of business are relatively unimportant here, as they have little to do with the facts surrounding the controversy.

8

Likewise, nationality is not at issue.

¶22    What is significant in this case is the domicile and residence of Burchett. Burchett claims Montana residency, a contention MasTec rejects. With regard to residency, Montana law provides:

> Every person has, in law, a residence. In determining the place of residence, the following rules are to be observed:
> (1) It is the place where a person remains when not called elsewhere for labor or other special or temporary purpose and to which the person returns in seasons of repose.
> (2) There may only be one residence. If a person claims a residence within Montana for any purpose, then that location is the person's residence for all purposes unless there is a specific statutory exception.
> (3) A residence cannot be lost until another is gained.
> . . . .
> (6) The residence can be changed only by the union of act and intent.

Section 1-1-215, MCA. Burchett contends that he rented a house in Montana during his entire term of employment with MasTec and kept his possessions at the house; that he has never declared his residence to be other than Montana; that he votes in Montana and obtains Montana resident hunting and fishing licenses; and that he has always intended to return to his home here. Burchett further contends that MasTec itself placed importance on his Montana residence by asking him to declare his state residency on his job application. MasTec apparently maintains a photocopy of Burchett's Montana driver's license in his personnel file. Burchett concludes that based on his Montana residency, under § 188 we should apply Montana law to his contract dispute.

¶23    MasTec adamantly disputes Burchett's status as a Montana resident. It claims that the Montana address Burchett first identified was merely a post office box, and that the street address he later provided was to his parents' home in Huntley. When he was discharged

9

while working in Indiana, Burchett and his wife lived in a fifth wheel trailer which was parked at an RV park. From 1996 until he was discharged by MasTec in 2001, Burchett traveled with his employment.

¶24    Notwithstanding MasTec's argument, we conclude that under § 1-1-215, MCA, Burchett is a Montana resident. The fact that he traveled with his employment to other states does not defeat his Montana residency. Burchett presented ample evidence that he intended to return to Montana, and did not establish a domicile in any other state. Taking into consideration Burchett's Montana domicile, and the inapplicability of the other factors enumerated in § 188(2) to the particular facts of this case, we conclude that Montana is the proper forum in which to adjudicate this claim.

¶25    We now return to the remaining general principles set forth in § 6. Subsection (2) (a) of § 6 requires us to consider the need of the interstate and international systems. One of the Comments to § 6 instructs us that choice of law should facilitate harmonious relations between the states to further the interests of commerce between them. Restatement (Second) of Conflict of Laws § 6, cmt. d. As Burchett states, it does not foster commerce or harmonious relations if after collecting income taxes and unemployment insurance premiums, Montana refuses Burchett's claims.

¶26    Subsections (b) and (c) direct us to consider the relevant policies of the forum and the relevant policies of other interested states in the determination of the particular issue. MasTec argues that because Montana's WDEA does not have an explicit textual extraterritorial provision, Montana law should not apply. MasTec argues further that Indiana has a greater interest in Burchett's claims. However, the Comments to § 6 address this very

10

situation. Comment e states, "[e]very rule of law . . . was designed to achieve one or more purposes . . . . If the purposes sought to be achieved by local statute or common law rule would be furthered by its application to out-of-state facts, this is a weighty reason why such application should be made." Restatement (Second) of Conflict of Laws § 6, cmt. e. We conclude it would be appropriate to apply Montana's WDEA to this case, regardless of the fact that it does not expressly provide for extraterritorial application.

¶27 Subsection (d), the protection of justified expectations, also weighs in favor of applying Montana law. As we have stated numerous times, at the time Burchett was hired, both he and MasTec knew his employment would be transitory. In his application, Burchett informed MasTec he was a Montanan, and MasTec paid incomes taxes, unemployment insurance premiums, and wages to Montana. Burchett is justified in relying on Montana law to hear his claims against MasTec.

¶28 Subsection (e) requires us to address the basic policies underlying the particular field of law. The applicable Comment to this subsection states, "[i]n such instances, there is good reason for the court to apply the local law of that state which will best achieve the basic policy, or policies, underlying the particular field of law involved." Restatement (Second) of Conflict of Laws § 6, cmt. h. Montana and Indiana, the state whose law MasTec argues is applicable, have different laws governing employment contracts. As we have already discussed, the Montana Code Annotated contains the WDEA. Indiana, on the other hand, is an at-will employment state. *See Bee Window, Inc. v. Turman* (1999), 716 N.E.2d 498, 500. Montana law affords better protection to employers and employees, and thus we conclude that Montana law better achieves the basic policy underlying employment law.

11

¶29 Subsection (f), certainty, predictability and uniformity of result, also weighs in favor of the application of Montana law. The applicable Comment explains that, "[p]redictability and uniformity of result are of particular importance in areas where parties are likely to give advance thought to the legal consequences of their transactions." Restatement (Second) of Conflict of Laws § 6, cmt. i. As we have already concluded, the parties manifested their intent for the employment contract to be governed by Montana law.

¶30 Finally, we find that subsection (g), ease in the determination and application of the law to be applied, also weighs in favor of applying Montana law. The Comment on this subsection states that, "[i]deally, choice of law rules should be simple and easy to apply. This policy should not be overemphasized, since it is obviously of greater importance that choice of law rules lead to desirable results." Restatement (Second) of Conflict of Laws § 6, cmt. j. Once again, there is evidence that the parties contemplated the application of Montana law at the time they entered into their contract, thus applying Montana law to their conflict is a simple and easy result.

¶31 In conclusion we hold that under the Restatement (Second) of Conflict of Laws (1971), Montana law should be applied to this case. We reach the same result whether analyzing the situation under § 187, which applies when the parties demonstrate intent to be governed by the law of a particular state, or under § 188, which applies when they do not.

ISSUE TWO

¶32 Did the District Court err when it dismissed Burchett's complaint for lack of subject matter jurisdiction?

¶33 In dismissing Burchett's complaint, the District Court reasoned that the WDEA does

not provide for extraterritorial application and, therefore, the District Court did not have subject matter jurisdiction over Burchett's claims. However, given our holding on Issue One, it naturally follows that Montana courts have subject matter jurisdiction in a case involving a Montana resident when Montana law applies. We conclude that Burchett's Complaint should not have been dismissed for lack of subject matter jurisdiction.

¶34 Reversed and remanded.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE

Chief Justice Karla M. Gray, dissenting.

¶35 I respectfully dissent from the Court's opinion. I cannot agree with the Court's extraordinary decision to address a secondary issue involving a choice of law and conflict of law issue prior to resolving the threshold issue of whether the District Court has subject matter jurisdiction over Burchett's wrongful discharge claim. Nor can I agree that the conflict of law analysis provides an appropriate basis for determining subject matter jurisdiction. A trial court cannot perform a conflict of law analysis unless and until it has subject matter jurisdiction.

¶36 Simply stated, the Court's opinion puts the cart before the horse. "[W]here the action is transitory, a right arising under, or a liability imposed by, either the common law or statute of a state may be asserted and enforced in any court having jurisdiction of the subject matter and of the parties . . . ." 16 Am. Jur. 2d *Conflict of Laws* § 9 (1998) (emphasis added). The District Court determined, as a threshold matter, that it lacked subject matter jurisdiction. I would affirm.

¶37 Subject matter jurisdiction is the power of a court to hear and adjudicate the claim brought before it. In re B.F., 2004 MT 61, ¶ 18, 320 Mont. 261, ¶ 18, 87 P.3d 427, ¶ 18. In other words, a court is without authority to act absent subject matter jurisdiction. Subject matter jurisdiction may be conferred by statute. See, e.g., In re B.F., ¶ 19. Here, Burchett's complaint against MasTec alleged violation of the WDEA. The WDEA provides the exclusive remedy in Montana for wrongful discharge from employment. Section 39-2-902, MCA. However, the WDEA does not apply to a discharge which "is subject to any other

14

state or federal statute that provides a procedure or remedy for contesting the dispute." Section 39-2-912(1), MCA. Thus, while a Montana district court generally has subject matter jurisdiction over wrongful discharge claims pursuant to the WDEA, it does not have subject matter jurisdiction over a wrongful discharge claim where other state or federal legislation provides a procedure for resolving the claim.

¶38 In its order granting MasTec's motion to dismiss, the District Court found that Indiana has legislated on the subject of employment and the discharge therefrom. On that basis, the court concluded that § 39-2-912(1), MCA, precluded extraterritorial application of the WDEA to Burchett's claim that he was wrongfully discharged in Indiana. In other words, the District Court concluded that it had no power pursuant to the WDEA to hear and adjudicate Burchett's claim–it had no subject matter jurisdiction. I would conclude that Burchett has not established on appeal that the District Court's finding that Indiana has legislated on the subject of employment and discharge therefrom is clearly erroneous. Consequently, I would further conclude that the court's determination–based on that finding–that it had no power pursuant to § 39-2-912(1), MCA, to hear and adjudicate Burchett's claim under the WDEA is correct. As a result, I would affirm the District Court's grant of MasTec's motion to dismiss for lack of subject matter jurisdiction. I dissent from the Court's failure to do so.

/S/ KARLA M. GRAY

Justice James C. Nelson joins in the foregoing dissenting opinion.

/S/ JAMES C. NELSON

15