JUSTICE RICE,
concurring.
¶67 I concur with the Court’s holding herein.
¶68 Nodak has offered substantive arguments which I believe are compelling but which, because of procedural or postural issues in this litigation, I am not able to adopt. I agree that Nodak’s personal *488 jurisdiction defense was not preserved before the District Court and thus waived. I concur that the District Court did not abuse its discretion by denying Nodak’s comity-based request for a stay under the circumstances here, specifically, the litigation tactics explained by the Court, though I do not necessarily agree, as discussed more fully below, that we have or should have a “practice of applying Montana law to automobile accidents occurring within [our] borders,” Opinion, ¶ 33, which would render a careful application of the statutes and Restatement factors unnecessary or secondary. Similarly, I believe that the circumstances here, described by the Court as “anomalous,” place this case within a very narrow exception to the general rule that we give full faith and credit to the North Dakota judgment. That exception is rightfully a narrow one, as we should have no interest in either casually dishonoring a judgment entered elsewhere or encouraging dueling litigation here. And, though I am sympathetic with some of the thoughts Justice Warner expresses in his opinion regarding Hardy and the stacking issue, I nonetheless must concur with the Court that the merits of this issue cannot be reached because it was raised for the first time on appeal.
¶69 Finally, I concur with the Court’s holding on the merits of the choice of law issue, Issue Three, though I do not necessarily agree with the entirety of the analysis. Since adopting the Restatement’s formulation for determining choice of law issues in Casarotto, the Court has, in my view, used inconsistent analytical approaches which need to be resolved or clarified. Compare Mitchell v. State Farm Ins. Co., 2003 MT 102, ¶ 20, 315 Mont. 281, ¶ 20, 68 P.3d 703, ¶ 20 (analyzing choice of law for an automobile insurance contract under § 28-3-102, MCA, and despite the absence of place of performance, determining that the place of performance is where the injury occurs, thereby bypassing analysis pursuant to § 188 of the Restatement) with Burchett v. Mastec N. America, Inc., 2004 MT 177, ¶¶ 13, 19, 322 Mont. 93, ¶¶ 13, 19, 93 P.3d 1247, ¶¶ 13, 19 (analyzing choice of law for an employment contract under § 28-3-102, MCA, and determining that where the contract does not indicate a place of performance, § 28-3-102, MCA, may be unworkable and choice of law is determined by applying § 188 of the Restatement).
¶70 Here, the Court’s analysis begins at the right place but quickly turns to the result in Mitchell and implies therefrom that because the case involves an automobile accident occurring in Montana, the “place of performance” must necessarily be Montana. We should be wary of creating a bright-line rule whereby we always imply that the parties *489 intended the place of injury to also be the place of performance. Such an approach does not give effect to the original intent of the parties, which is the primary concern of the Restatement. Further, such an approach may, in some future case where a Montana resident is involved in an accident outside the state, dictate that we apply the law of the other state, because the place of performance has become synonymous with the place of injury. I believe we should clarify our law in order to provide a clear and consistent analytical approach under the Restatement and our statutes to these contract questions.
CHIEF JUSTICE GRAY and DISTRICT JUDGE PHILLIPS join in the concurring opinion of JUSTICE RICE.