
DA 11-0322

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 309

BOBBY A. ERVIN,

      Petitioner and Appellant,

  v.

LISA M. ERVIN (ESTOPARE),

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and For the County of Sanders, Cause No. DR 07-83
                    Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Bobby A. Ervin, self-represented, Libby, Montana

      For Appellee:

            Lisa M. Estopare, self-represented, Greenwood, Arizona

                          Submitted on Briefs:  October 26, 2011

                                    Decided:  December 13, 2011

Filed:

                       _____
                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Bobby A. Ervin (Ervin) appeals from an order of the Twentieth Judicial District Court, Sanders County, declining to exercise further jurisdiction over Ervin's child support case and relinquishing jurisdiction to the Mohave County Superior Court of Arizona ("Arizona Court").

¶2 Although Ervin appeals several issues, the dispositive issue is whether the District Court correctly declined to exercise jurisdiction on the basis that Montana is an inconvenient forum.

¶3 We reverse and remand to the District Court to conduct further findings regarding the appropriate forum for this matter.

## BACKGROUND

¶4 In May 2007, Ervin's marriage to Lisa M. Ervin, now known as Lisa M. Estopare (Estopare), was dissolved in Jackson County, Mississippi. Two children, a son (T.E.) and a daughter (B.E.), were born during the marriage. The Mississippi decree awarded Ervin custody of T.E. and Estopare custody of B.E. Neither party was awarded child support.

¶5 Subsequently, Ervin and T.E. moved to Montana, and Estopare and B.E. moved to Arizona. In August 2007, Ervin petitioned the Arizona Court to modify child custody of B.E. In December 2007, Ervin petitioned the District Court in Montana for an amended parenting plan concerning T.E. In April 2008, the Arizona Court relinquished jurisdiction over T.E. to the Montana District Court, but retained jurisdiction over B.E. In October 2008, the District Court ordered an amended parenting plan for T.E., which modified the parenting

2

plan in place and awarded child support. Estopare appealed to this Court in February 2009. We dismissed Estopare's appeal months later after she failed to participate in mediation.

¶6     In August 2009, Ervin petitioned the District Court to further modify the child support award for T.E. that it had ordered in October 2008. The following month, Ervin provided notice to the District Court that he and T.E. intended to move back to Mississippi within a month. In October 2009, the District Court denied Ervin's petition and declined to exercise further jurisdiction on the basis that it was an inconvenient forum because Ervin and T.E. were residing in Mississippi and Estopare and B.E. were residing in Arizona. The District Court relinquished jurisdiction of T.E. to the Arizona Court and rescinded all previous orders it had issued.

¶7     Ervin petitioned this Court for a writ of supervisory control. This Court granted Ervin's petition for a writ of supervisory control in December 2009, ordering the District Court to reinstate its previous orders. This Court did not address the future jurisdiction of the matter. *See Ervin v. Twentieth Jud. Dist. Ct.*, 2009 Mont. LEXIS 706 at *6 (Dec. 9, 2009). Following this Court's order, the District Court reinstated its previous orders, but ratified and confirmed the portion of its October 2009 order declining and relinquishing jurisdiction of T.E. to the Arizona Court on the basis that Montana was an inconvenient forum "under the [then] present circumstances of the parties"—namely, their absence from Montana.

¶8     Ervin and T.E. moved back to Montana in January 2011. In March 2011, Ervin petitioned the District Court to reduce accrued child support to a money judgment. The

3

District Court, relying solely upon its previous orders of October 2009 and December 2009, noted jurisdiction had been relinquished to the Arizona Court, declined to exercise further jurisdiction on the basis that it was an inconvenient forum, and refused to accept filings by either party to the action.

¶9     Ervin appeals.

## STANDARD OF REVIEW

¶10     A district court's determination that it lacks subject matter jurisdiction is a conclusion of law that this Court reviews for correctness. *Burchett v. Mastec N. Am., Inc.*, 2004 MT 177, ¶ 9, 322 Mont. 93, 93 P.3d 1247.

## DISCUSSION

¶11     *Did the District Court correctly decline to exercise jurisdiction on the basis that Montana is an inconvenient forum?*

¶12     In declining to exercise jurisdiction over Ervin's March 2011 motion to modify child support on the basis that Montana is an inconvenient forum, the District Court relied upon § 40-7-108, MCA, of the Montana Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA),[1] which provides that "[a] court of this state that has jurisdiction . . . to make a *child custody determination* may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum . . . ." (Emphasis added.)

---

[1] The District Court stated: "Pursuant to the October [23], 2009 and December 11, 2009 Order[s] of this Court which [remain] in full force and effect, this Court has declined to exercise further jurisdiction as an inconvenient forum and jurisdiction has been relinquished to the Superior Court of the State of Arizona." The District Court's December 11, 2009, order ratifies and confirms the first paragraph of the October 23, 2009, order, which declines to exercise further jurisdiction based upon a determination that Montana was an inconvenient forum under § 40-7-108, MCA.

4

¶13 On appeal, Ervin argues the District Court erred in relying upon § 40-7-108, MCA, for its jurisdictional determination because the UCCJEA applies to child custody matters, not child support matters. We agree.

¶14 Child custody jurisdictional determinations are separate from child support jurisdictional determinations. Jurisdiction over child custody matters is governed by the UCCJEA, codified at Title 40, chapter 7, MCA. Jurisdiction over child support is governed by the Uniform Interstate Family Support Act (UIFSA), codified at Title 40, chapter 5, MCA. *See e.g. Erler v. Erler*, 261 Mont. 65, 68, 862 P.2d 12, 13 (1993) (illustrating that a district court's jurisdictional determinations regarding child custody matters and child support matters are separate).

¶15 Ervin's March 2011 motion pertains only to child support enforcement. Therefore, the UIFSA, not the UCCJEA, applies. While § 40-7-108, MCA, which the District Court relied upon here to decline and relinquish jurisdiction, provides that a district court may decline jurisdiction over a child custody determination on the basis that it is an inconvenient forum, the UIFSA does not contain a comparable "inconvenient forum" counterpart. *See* Title 40, chapter 5, MCA. Instead, relevant to the present case, it provides that "[a] tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order . . . as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued." Section 40-5-149(1)(a), MCA.

5

¶16    The District Court improperly applied the UCCJEA in determining it did not have jurisdiction over this child support matter.  Therefore, we must reverse the District Court's determination and remand this case to the District Court to assess whether, in light of the fact that Ervin and T.E. have returned to Montana, it has jurisdiction over this matter under the UIFSA, specifically Title 40, chapter 5, part 1, MCA.

## CONCLUSION

¶17    For the foregoing reasons, we reverse and remand.


                                                      /S/ MICHAEL E WHEAT


We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE