FILED

August 11 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0463

DA 14-0463

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 234N

DEAN WARD,

      Plaintiff and Appellant,

    v.

ENERGY WEST, INC., and DOES 1-4,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV 13-200
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

      For Appellee:

          Oliver H. Goe, Kimberly A. Beatty, Christy S. McCann, Browning,
Kaleczyc, Berry & Hoven, P.C., Helena, Montana

Submitted on Briefs:  June 10, 2015
Decided:  August 11, 2015

Filed:

                             Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Between January and October 2012, Dean Ward was employed as a chief information officer.  The parties dispute whether Ward was employed by Energy West, Inc., or by Energy West's parent company, Gas Natural, Inc.  Ward worked primarily in Ohio and, after his employment was terminated, he applied for and received unemployment benefits from that state.  Ward then filed suit against Energy West in Montana's Eighth Judicial District Court, Cascade County, alleging wrongful discharge in violation of § 39-2-901, MCA, of the Montana Wrongful Discharge from Employment Act (WDEA), and negligent infliction of emotional distress.  On Energy West's motion, the District Court, after determining that Ohio law governs Ward's claims, dismissed Ward's action for lack of subject-matter jurisdiction.  Ward appeals the dismissal.

¶3     This appeal concerns substantially similar facts and issues as *Harrington v. Energy West, Inc.*, 2015 MT 233, ___ Mont. ___, ___ P.3d ___. As in that case, we conclude here that, under § 28-3-102, MCA, Ohio law governs Ward's WDEA claim. However, this conclusion does not deprive the District Court of subject-matter jurisdiction. We thus

2

vacate the District Court's dismissal and remand for further proceedings to determine whether dismissal is appropriate under the doctrine of forum non conveniens.

¶4     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, *Harrington* resolves the issues on appeal. The District Court's order of dismissal is reversed and the case is remanded for further proceedings.


/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE