FILED

August 11 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0465

DA 14-0465

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 233

JONATHAN HARRINGTON,

      Plaintiff and Appellant,

   v.

ENERGY WEST INC., and DOES 1-4,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. DDV 13-159
                 Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

      For Appellees:

           Oliver H. Goe, Kimberly A. Beatty, Christy S. McCann, Browning,
           Kaleczyc, Berry & Hoven, P.C., Helena, Montana

Submitted on Briefs:  June 10, 2015
                Decided:  August 11, 2015

Filed:

_____
              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Jonathan Harrington sued Energy West, Inc. for claims relating to the termination of his employment. The Eighth Judicial District Court, Cascade County, dismissed Harrington's suit for lack of subject-matter jurisdiction. Harrington appeals. We address the following issues on appeal:

> *1. Whether the District Court correctly considered evidence outside the pleadings in disposing of Energy West's M. R. Civ. P. 12(b)(1) motion to dismiss;*
>
> *2. Whether the District Court correctly dismissed Harrington's suit.*

¶2 We affirm the District Court's resolution of facts and its determination that Ohio law applies to Harrington's contract claims, but we vacate its dismissal and remand for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Energy West is a Montana corporation with its principal place of business in Montana. It is a corporate subsidiary of Gas Natural, Inc. Gas Natural is an Ohio corporation with corporate offices in Ohio and Montana.

¶4 In February 2011, either Energy West or Gas Natural—the parties dispute which—hired Harrington as a corporate controller. While he held this position, Harrington resided and worked primarily in Ohio. Harrington provided services to Gas Natural's several corporate subsidiaries, including Energy West, and he made four business trips to Montana over the course of eighteen months. Energy West's human resources department manages payroll and benefits for employees of Gas Natural and some of its subsidiaries. Energy West issued Harrington's paychecks and Energy West

paid Harrington's payroll taxes, withholdings, and insurance premiums to the State of Ohio.

¶5 Harrington's employment at Gas Natural's Ohio office was terminated in October 2012. Harrington applied for and received unemployment benefits through the State of Ohio. In February 2013, Harrington filed suit against Energy West in Montana's Eighth Judicial District Court, alleging wrongful discharge under the Montana Wrongful Discharge from Employment Act (WDEA), § 39-2-904(1)(b), MCA; negligent infliction of emotional distress; and defamation. Energy West moved under M. R. Civ. P. 12(b)(1) to dismiss for lack of subject-matter jurisdiction. Harrington opposed the motion, requested a hearing, and requested limited discovery on issues related to Energy West's motion. The District Court permitted limited discovery.

¶6 On July 1, 2014, the District Court held a non-evidentiary, oral argument hearing on the motion. The court ruled from the bench, granting Energy West's motion and dismissing the action. The court relied primarily on *Burchett v. Mastec N. Am., Inc.*, 2004 MT 177, 322 Mont. 93, 93 P.3d 1247, in analyzing subject-matter jurisdiction under Restatement (Second) Conflict of Laws §§ 187 and 188 (1971). The court determined that Ohio law governs Harrington's claims. The court then dismissed Harrington's action, holding that, because Ohio law governs, it lacked subject-matter jurisdiction, or, in the alternative, that the exercise of jurisdiction was not appropriate in Montana. The District Court entered a written order that same day dismissing the action "due to lack of

3

subject-matter jurisdiction and/or that the State of Ohio is the appropriate forum for exercise of subject-matter jurisdiction in this case." Harrington appeals.

## STANDARDS OF REVIEW

¶7 We review a dismissal for lack of subject-matter jurisdiction de novo. *In re Marriage of Sampley*, 2015 MT 121, ¶ 6, 379 Mont. 131, 347 P.3d 1281. We also review de novo a district court's conflict-of-laws determination of the law that will govern a case. *Masters Grp. Int'l, Inc. v. Comerica Bank*, 2015 MT 192, ¶ 33, 380 Mont. 1, ___ P.3d ___. We affirm a district court's factual findings unless clearly erroneous. *Stewart v. Rice*, 2013 MT 55, ¶ 15, 369 Mont. 203, 296 P.3d 1174.

## DISCUSSION

¶8 *1. Whether the District Court correctly considered evidence outside the pleadings in disposing of Energy West's M. R. Civ. P. 12(b)(1) motion to dismiss.*

¶9 When presented with a M. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction, if the plaintiff's complaint fails to "state[] facts that, if true, would vest the court with subject matter jurisdiction," a court may dismiss based on the complaint alone. *Gen. Constructors, Inc. v. Chewculator, Inc.*, 2001 MT 54, ¶¶ 16, 39, 304 Mont. 319, 21 P.3d 604, *overruled on other grounds by Big Spring v. Conway*, 2011 MT 109, ¶ 45, 360 Mont. 370, 255 P.3d 121. A court also has discretion to receive evidence of facts bearing on the M. R. Civ. P. 12(b)(1) motion and determine that it lacks subject-matter jurisdiction based on that evidence. *See Sampley*, ¶ 9.

¶10 Harrington appears to argue that, in resolving Energy West's motion, the District Court improperly determined factual issues. To the extent that Harrington is arguing that

4

the District Court could not rely on the affidavits and documents submitted by the parties to resolve the M. R. Civ. P. 12(b)(1) motion, he is mistaken. *See Sampley*, ¶ 9; *TC Fuel Components, LLC v. Mont. Eleventh Judicial Dist. Court*, S. Ct. No. OP 13-0798, 374 Mont. 540, 346 P.3d 363 (Table) (Jan. 21, 2014) ("M. R. Civ. P. 12(d) makes clear that matters outside the pleadings can be considered on a motion to dismiss for lack of jurisdiction."); *c.f. Knoepke v. Sw. Ry. Co.*, 190 Mont. 238, 244, 620 P.2d 1185, 1188 (1980) (concluding that a court may rely on affidavits to resolve a personal jurisdiction issue).

¶11 Harrington also argues that the District Court should have held an evidentiary hearing before ruling on Energy West's motion. Harrington fails to cite any authority in support of his argument. Although it is "not this Court's obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal," *Cutler v. Jim Gilman Excavating, Inc.*, 2003 MT 314, ¶ 22, 318 Mont. 255, 80 P.3d 1203 (citation omitted), we will address Harrington's argument briefly. Whether to hold a hearing "is a matter left to the discretion of the district court." *Sampley*, ¶ 9. We accordingly review a district court's decision not to hold a hearing for an abuse of discretion. *Sampley*, ¶ 9. Two factors that counsel in favor of an evidentiary hearing are whether the court must resolve a dispute of material fact or weigh the credibility of witnesses. *Sampley*, ¶ 12. Here, the parties vigorously dispute whether Harrington's employer was Energy West or Gas Natural. This dispute is not material to determinations bearing on the resolution of Energy West's motion. Rather, as explained in ¶¶ 18-22, the material facts concern the

5

place where Harrington entered into his employment agreement and performed his employment. There is no dispute about these material facts. The District Court did not abuse its discretion by declining to hold an evidentiary hearing.

¶12    *2. Whether the District Court correctly dismissed Harrington's suit.*

¶13    Subject-matter jurisdiction is the power of a court to hear and adjudicate a particular type of controversy. *Harland v. Anderson Ranch Co.*, 2004 MT 132, ¶ 31, 321 Mont. 338, 92 P.3d 1160. Montana courts derive subject-matter jurisdiction from constitutional and statutory authority. *LaPlante v. Town Pump, Inc.*, 2012 MT 63, ¶ 15, 364 Mont. 323, 274 P.3d 724. The Montana Constitution provides that a Montana district court has, without limitation, subject-matter jurisdiction in "all civil matters." Mont. Const. art. VII, § 4; *Ballas v. Missoula City Bd. of Adjustment*, 2007 MT 299, ¶ 12, 340 Mont. 56, 172 P.3d 1232. The Montana Constitution also provides that the United States Congress and the Montana Legislature may delegate additional subject-matter jurisdiction to Montana district courts. Mont. Const. art. VII, § 4.

¶14    As mentioned, the District Court based its dismissal on *Burchett*. In *Burchett*, a district court dismissed the plaintiff's WDEA claim for lack of subject-matter jurisdiction. *Burchett*, ¶ 1. On appeal, this Court addressed two questions: whether the district court erred by determining that Montana law did not apply to Burchett's claim, and whether the district court erred when it dismissed Burchett's complaint for lack of subject-matter jurisdiction. *Burchett*, ¶¶ 2-4. To resolve the first issue, the Court conducted a conflict-of-laws analysis under Montana law and Restatement (Second)

6

Conflict of Laws §§ 187 and 188, and determined that Montana law should apply to Burchett's suit. *Burchett*, ¶ 31. The Court then addressed the second issue and held that the district court had subject-matter jurisdiction because "it naturally follows that Montana courts have subject matter jurisdiction in a case involving a Montana resident when Montana law applies." *Burchett*, ¶ 33.

¶15 The dissent in *Burchett* argued that the district court correctly determined that it lacked subject-matter jurisdiction because Burchett could avail himself of an Indiana law that would have provided him a remedy for wrongful discharge. *Burchett*, ¶ 38 (Gray, C. J., dissenting). The WDEA provides a cause of action as long as a discharge is not "subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute." Section 39-2-912(1), MCA. Thus, according to the dissent, a district court "does not have subject matter jurisdiction over a wrongful discharge claim where other state or federal legislation provides a procedure for resolving the claim." *Burchett*, ¶ 37 (Gray, C. J., dissenting).

¶16 Here, the District Court concluded from the dissenting and majority opinions in *Burchett* that, if it "naturally follows that Montana courts have subject matter jurisdiction in a case involving a Montana resident when Montana law applies," *Burchett*, ¶ 33, then a Montana court lacks subject-matter jurisdiction in a case involving a non-resident when Montana law does not govern. Pursuant to the *Burchett* dissent, the District Court first examined whether Ohio offers a statutory procedure and remedy for Harrington to contest his dismissal. After concluding that Ohio does not, the District Court, pursuant to the

7

*Burchett* majority, engaged in a conflict-of-laws analysis and determined that Ohio law should apply. The District Court then dismissed the case.

*Conflict of Laws*

¶17 Harrington's complaint alleges that his termination violated the WDEA because it was without good cause. Although Harrington did not have a written employment agreement, the relationship between employer and employee is a contractual one. "There cannot be any serious dispute that there is a bargain of some kind; otherwise, the employee would not be working." 1 Henry H. Perritt, Jr., *Employee Dismissal Law and Practice* § 4.32, 326 (3d ed. 1992) (emphasis removed). The WDEA effectively implies an employment contract requiring good cause to terminate where there is no express contract. *See* §§ 39-2-904(1)(b), -912(2), MCA. Because Harrington's WDEA cause of action is contractual in nature, contract conflict-of-laws rules apply. *See Burchett*, ¶¶ 13-31.

¶18 We apply § 28-3-102, MCA, to determine the law that will govern a contract claim if the parties to the contract did not previously choose the law that will govern their affairs. *Tidyman's Mgmt. Servs., Inc. v. Davis*, 2014 MT 205, ¶¶ 16-19, 376 Mont. 80, 330 P.3d 1139; *see also Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶¶ 19-21, 315 Mont. 281, 68 P.3d 703. Section 28-3-102, MCA, states, "A contract is to be interpreted according to the law and the usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and the usage of the place where it is made." If the parties have effectively chosen the law that will govern their

8

affairs, we apply the Restatement (Second) Conflict of Laws § 187. *Tidyman's*, ¶¶ 16-19; *see also Modroo v. Nationwide Mut. Fire Ins. Co.*, 2008 MT 275, ¶¶ 58-59, 345 Mont. 262, 191 P.3d 389.

¶19     The parties have not submitted into the record a contract that purports to regulate their affairs. Accordingly, no basis exists for determining that the parties chose the law to govern their relationship. Energy West argues that the parties implicitly chose Ohio law to regulate their affairs by paying taxes and premiums in that state. We discussed similar evidence when analyzing choice of law under § 187 in *Burchett*. *See Burchett*, ¶¶ 15-17. However, we conducted a § 188 analysis as well to determine that, under either §§ 187 or 188, Montana law governed. *Burchett*, ¶ 31.

¶20     Notwithstanding the discussion of § 187 in *Burchett*, § 187 does not lend support for inferring an effective choice of law simply through the conduct of the parties. The section instead contemplates inferring a choice of law through provisions of a contract that imply that a certain state's laws will apply. Restatement (Second) Conflict of Laws § 187 cmt. a. But § 187 "is inapplicable unless it can be established that the parties have chosen the state of applicable law," and "it does not suffice to demonstrate that the parties, if they had thought about the matter, would have wished to have the law of a particular state applied." Restatement (Second) Conflict of Laws § 187 cmt. a. Without a contract to examine, or even an alleged verbal agreement on choice of law, § 187 does not apply to determine the law that governs Harrington's contract claims.

¶21    We accordingly turn to § 28-3-102, MCA, to determine the law that governs.  The District Court found that Harrington's office was in Ohio, his supervisor was in Ohio, and though he traveled to the locations of Gas Natural's subsidiaries, and held frequent phone meetings with Energy West's Montana staff, Harrington performed the majority of his duties in his Ohio office.  As noted, however, there is no written contract designating the place of Harrington's performance.  Thus, under § 28-3-102, MCA, we also examine where the contract was made.  As the District Court determined, the record shows that Harrington's employment agreement was made in Ohio between Harrington and Gas Natural employees.  This conclusion comes despite Harrington's communications with Energy West human resources staff in Montana *after* his hiring.  Although the District Court conducted its analysis under §§ 187 and 188 instead of § 28-3-102, MCA, it correctly determined that Ohio law governs Harrington's contract claims.

¶22    Because Ohio law governs the alleged parties' employer-employee relationship, it is beside the point whether Harrington could state a WDEA claim because Ohio lacks a statute providing Harrington a wrongful termination remedy.  *See* § 39-2-912, MCA.  If Ohio law governs Harrington's wrongful termination claims, then Harrington cannot rely on a Montana statute for those claims.[1]

---

[1] The District Court's determination that Ohio does not provide a statutory remedy for Harrington's wrongful termination claims appears correct.  "In Ohio, the common-law doctrine of employment at will governs employment relationships."  *Dohme v. Eurand Am., Inc.*, 956 N.E.2d 825, 828-29 (Ohio Ct. App. 2011).

10

*Subject-Matter Jurisdiction*

¶23    After correctly concluding that Ohio law governs Harrington's employment claims, the District Court dismissed Harrington's suit because, under its reading of *Burchett*, the law that governs a case bears "directly on the exercise or appropriate exercise of . . . general subject-matter jurisdiction."  In *Burchett*, the Court separately addressed whether Montana law applied and whether the district court had subject-matter jurisdiction.  The Court stated in simple terms that the district court had subject-matter jurisdiction over a case "involving a Montana resident when Montana law applies." *Burchett*, ¶ 33.  As Montana district courts have subject-matter jurisdiction "in all civil matters," Mont. Const. art. VII, § 4, the Court was surely correct in making this determination.  But the District Court, though expressing skepticism about *Burchett*'s reasoning, interpreted it to mean that, if a Montana district court has subject-matter jurisdiction because Montana law governs a dispute, *see Burchett*, ¶ 33, then the converse also is true, and a Montana district court lacks subject-matter jurisdiction where Montana law does not govern.

¶24    That Montana law does not govern does not mean that a Montana district court lacks subject-matter jurisdiction over the claim.  *Contra Burchett*, ¶ 37 (Gray, C. J., dissenting).  Article VII, section 4 of the Montana Constitution provides district courts with subject-matter jurisdiction in all civil matters, without limitation.  This Court was once "profligate" in its use of the term "jurisdiction," *DeShields v. State*, 2006 MT 58, ¶ 10, 331 Mont. 329, 132 P.3d 540, but in recent years we have recognized the misuse of

11

the term and attempted to correct our jurisprudence. *See Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶¶ 60-62, 345 Mont. 12, 192 P.3d 186 (distinguishing the power to consider certain evidence from subject-matter jurisdiction); *Ballas*, ¶¶ 14-16 (distinguishing standing from subject-matter jurisdiction); *Miller v. Eighteenth Judicial Dist. Court*, 2007 MT 149, ¶¶ 43-46, 337 Mont. 488, 162 P.3d 121 (distinguishing "categorical time prescriptions" from subject-matter jurisdiction); *DeShields*, ¶¶ 9-10 (distinguishing a district court's "statutory error in imposing a sentence" from subject-matter jurisdiction).

¶25 We likewise take this opportunity to distinguish conflict-of-laws analysis from subject-matter jurisdiction. Conflict-of-laws analysis determines which jurisdiction's laws apply in a particular case, not whether a court has subject-matter jurisdiction. *See* Restatement (Second) Conflict of Laws § 1 cmt. c. Under the Full Faith and Credit Clause of the United States Constitution, "a State may not decline to entertain a suit in its courts for the sole reason that the suit is based on a sister State cause of action." Restatement (Second) Conflict of Laws § 84 cmt. i (citing *First Nat'l Bank v. United Air Lines, Inc.*, 342 U.S. 396, 397-98, 72 S. Ct. 421, 422 (1952); *Hughes v. Fetter*, 341 U.S. 609, 613, 71 S. Ct. 980, 983 (1951)). *Burchett* does not stand for the contrary. The District Court was incorrect to conclude that the application of Ohio law requires dismissal for lack of subject-matter jurisdiction.

*Alternative ground*

¶26 In its written order dismissing Harrington's case, the District Court stated that the case was dismissed "due to lack of subject-matter jurisdiction and/or that the State of

12

Ohio is the appropriate forum for exercise of subject matter-jurisdiction in this case." The District Court appears to refer to the doctrine of forum non conveniens as the alternative ground for dismissal. Forum non conveniens permits a court to dismiss a case "when it believes that the action may be more appropriately and justly tried elsewhere," including another state, *San Diego Gas & Elec. Co. v. Ninth Judicial Dist. Court*, 2014 MT 191, ¶¶ 22, 24, 376 Mont. 517, 329 P.3d 1264 (quoting *Haug v. Burlington N. R.R.*, 236 Mont. 368, 374, 770 P.2d 517, 521 (1989)), taking into account "the convenience of witnesses and the ends of justice," *San Diego*, ¶ 24 (quoting § 25-2-201(3), MCA).

¶27 We have interpreted the Montana Constitution as expressing an "open court policy" in its instruction that "[c]ourts of justice shall be open to every person, and speedy remedy afforded for every injury to person, property, or character." *Labella v. Burlington N., Inc.*, 182 Mont. 202, 207, 595 P.3d 1184, 1187 (1979) (quoting Mont. Const. art. II, § 16). This policy comports with the Restatement (Second) Conflict of Laws instruction that the two most important factors in a forum non conveniens analysis are "(1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed unless a suitable alternative forum is available to the plaintiff." Restatement (Second) Conflict of Laws § 84 cmt. c. We recently dismissed a case under the doctrine of forum non conveniens when the prospect of a "mirror image trial[]" in another state with personal jurisdiction over the parties raised the "possibility of conflicting results, multiple actions, and duplicate trials." *San Diego*, ¶¶ 24-25.

13

¶28 Based on the record on appeal, we cannot determine whether an alternative forum is available for Harrington's claims. Ohio seems the natural location for this litigation, but for an Ohio court to hear this case it would have to have personal jurisdiction over Energy West. The parties have not argued whether there are obstacles to jurisdiction in Ohio, but Energy West is a Montana corporation with its principal place of business in Montana, and Energy West has not stated whether it would consent to personal jurisdiction in Ohio. We will not resolve this question without the benefit of argument.

¶29 Additionally, Harrington also has claims of negligent infliction of emotional distress and slander that may or may not rely on Montana law. The District Court would need to consider these claims as well in evaluating forum non conveniens. We thus conclude that we cannot resolve the issue of dismissal under the doctrine of forum non conveniens based on the record before us.

## CONCLUSION

¶30 We vacate the District Court's dismissal and remand for further proceedings to consider whether dismissal under the doctrine of forum non conveniens is appropriate.


/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE

14