FILED

08/09/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0727

DA 15-0727

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 190

IN RE THE MARRIAGE OF:

LONA ANN CARTER-SCANLON,

　　　　Petitioner and Appellee,

　　and

JOSEPH D. SCANLON,

　　　　Respondent and Appellant.

APPEAL FROM:　　District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDR-2000-373
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Mark P. Yeshe, Attorney at Law, Helena, Montana

　　　　For Appellee:

　　　　　　David B. Gallik, Attorney at Law, Helena, Montana

Submitted on Briefs: June 29, 2016

Decided: August 9, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Joseph Scanlon (Joseph) appeals from the denial of his motion to modify his child support obligation entered by the First Judicial District Court, Lewis and Clark County.

¶2 We affirm and address the following issue on appeal:

*Did the District Court abuse its discretion when it denied the motion to modify child support?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 This appeal is Joseph's second attempt in as many years to modify his child support obligation for the two children he has with Lona Carter-Scanlon (Lona). We chronicled much of Joseph's and Lona's legal dispute, dating back to their 2003 divorce, in *In re Marriage of Carter-Scanlon*, 2014 MT 97, 374 Mont. 434, 322 P.3d 1033, and need not repeat that history here.

¶4 Joseph moved the District Court to modify his child support obligation on April 30, 2015. The basis for Joseph's motion was that he had been determined to be "a person with a most significant disability" by Montana Vocational Rehabilitation (MVR), an agency of Montana's Department of Public Health and Human Services. Joseph asked the District Court to lower his monthly payments from $814 per month to $21.50 per month per child. The District Court held a hearing on the matter on October 21, 2015.

¶5 At the hearing, Morgan Vincent, a vocational rehabilitation counselor with MVR, testified at length about Joseph's condition. Ms. Vincent works with individuals who have disabilities and assists them in returning to employment and living independently. Ms. Vincent testified Joseph had been designated a person with "a most significant

2

disability," which means he has a physical or mental impairment that constitutes or results in a substantial impediment to employment. Joseph and Ms. Vincent developed an employment plan for Joseph because, according to Ms. Vincent, Joseph was not able to do the work he had done in the past. The plan contemplated that Joseph would receive training to become an equine dentist. However, Ms. Vincent stated that Joseph needed surgery on his rotator cuffs, as well as neck surgery, and that the plan may need to be adjusted depending on the success of his surgeries. Ms. Vincent added that Joseph is "willing to pursue other employment if this career is not possible after he has undergone surgery," and that "[d]epending on how [Joseph's] treatment progresses, a vocational evaluation or training may be needed to either change his [employment plan] or progress towards his goal. These services will assist [Joseph], as his disabilities are currently changing, and help him with stability on his job." Joseph's physician did not testify, nor were Joseph's medical records submitted to the court.

¶6     The District Court heard testimony from forensic CPA Nicholas Bourdeau, who opined that Joseph's income was significantly higher than that reported on his tax returns. Bourdeau imputed Joseph's income in 2015 to be $73,000. The District Court received testimony that Joseph had recently competed in, and won, the National Finals Ski Joring horse race in Red Lodge. The District Court also received evidence that Joseph had a 25% ownership stake in a 300-lot subdivision.

¶7     The District Court entered its findings of fact, conclusions of law, and order denying Joseph's motion to modify child support. The District Court concluded there

was a change in Joseph's circumstances "that significantly impacts his ability to pay $814 per month in child support," but went on to conclude that "it does not appear that this condition is so substantial and continuing as to make the eventual payment of child support unconscionable." The District Court stayed Joseph's child support obligation for thirteen months, reasoning that "to make [Joseph] currently pay this amount when faced with his impending medical expense and retraining period would make it inequitable . . . ." After the stay of thirteen months, monthly child support would resume and Joseph would be required to pay off the child support accumulated during the stay over the next twelve months. Joseph appeals.

## STANDARD OF REVIEW

¶8 A district court's decision on modification of child support is reviewed for an abuse of discretion. *In re Marriage of Wilson*, 2009 MT 203, ¶ 12, 351 Mont. 204, 210 P.3d 170. A trial court abuses its discretion when it acts arbitrarily without conscientious judgment or so exceeds the bounds of reason as to work a substantial injustice. *In re Kessler*, 2011 MT 54, ¶ 15, 359 Mont. 419, 251 P.3d 147. The district court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed for correctness. *In re Marriage of Damschen*, 2011 MT 297, ¶ 22, 363 Mont. 19, 265 P.3d 1245. Clear error exists if substantial credible evidence fails to support the findings of fact; if the district court misapprehended the effect of the evidence; or if the Supreme Court has a definite and firm conviction that the district court made a mistake. *Pastimes, LLC v. Clavin*, 2012 MT 29, ¶ 18, 364 Mont. 109, 274 P.3d 714.

4

## DISCUSSION

¶9 *Did the District Court abuse its discretion when it denied the motion to modify child support?*

¶10 A district court may modify maintenance or support "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA. We have interpreted this standard to mean that a finding of changed circumstances is a prerequisite to any inquiry into the unconscionability of a prior support award. *In re Marriage of Pearson*, 1998 MT 236, ¶ 41, 291 Mont. 101, 965 P.2d 268. If a change in circumstances is established, the District Court must then determine whether the change is circumstances is "so substantial and continuing as to make the terms unconscionable." *Pearson*, ¶ 41. There is no set definition of unconscionability; rather, determinations of unconscionability are made on a case-by-case scrutiny of the underlying facts. *Pearson*, ¶ 30.

¶11 Joseph argues that, given the District Court's determination that he is disabled, with no certainty that future surgeries will resolve his problems, it was "unconscionable for the obligation to continue to accrue," and that the court's stay of support "is an implicit finding that Joe's inability to pay support is continuing."

¶12 It should first be noted that the District Court did not enter specific findings of fact, but provided a narrative that summarized the evidence offered by both sides, with little that would be considered definitive findings from the evidence. As the trier of fact, a district court should evaluate the evidence, including its determinations about the evidence it has accepted and rejected after assessing credibility and weight, because an

5

appellate court cannot make such assessments. Although noting Ms. Vincent's testimony about the impediment to Joseph's employability, the District Court also stated that "there are serious questions concerning Joseph's condition which continue to exist," citing Joseph's failure to provide medical evidence and his recent winning of a national finals ski joring competition, and reasoning "his ability to perform such a feat does raise some suspicion as to his current claims." These expressions of doubt about Joseph's claims—which Joseph's arguments assume were resolved in his favor—actually fed into the District Court's numerated Conclusions of Law, wherein the District Court reiterated findings from the previous year's case that "Joe is capable of earning $52,000 a year." Although concluding that Joseph had established "a change of circumstances that significantly impacts his ability to pay $814 per month in child support," the court also concluded that this condition is temporary and not continuing, and therefore not unconscionable. Joseph argues that this conclusion of law was error because the District Court's determination that Joseph's change of circumstances was only temporary is clearly erroneous.

¶13 A finding is clearly erroneous if it is not supported by substantial evidence. *Clavin*, ¶ 18. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion, even if weak and conflicting. *Siebken v. Voderberg*, 2015 MT 296, ¶ 12, 381 Mont. 256, 359 P.3d 1073. It consists of more than a mere scintilla of evidence but may be less than a preponderance. *Marriage of Schmitz*, 255 Mont. 159, 165, 841 P.2d 496, 500 (1992).

¶14 Ms. Vincent testified that in order to be an equine dentist, Joseph would need rotator cuff surgery as well as neck surgery. Crucially, Ms. Vincent went on to testify that Joseph is "willing to pursue other employment if this career is not possible after he has undergone surgery," and that "[d]epending on how [Joseph's] treatment progresses, a vocational evaluation or training may be needed to either change his [employment plan] or progress towards his goal. These services will assist [Joseph], as his disabilities are currently changing, and help him with stability on his job." Ms. Vincent's testimony established that even if Joseph cannot become an equine dentist due to unsuccessful surgery, Joseph will pursue other employment that he is physically capable of performing. Thus, according to Ms. Vincent, the outcome of Joseph's surgery affected his ability to become an equine dentist, not his ability to pursue employment in other occupations. This evidence is more than "a mere scintilla" that Joseph's change of circumstance is temporary.

¶15 Furthermore, the District Court also noted in its order that the forensic CPA imputed Joseph's income at higher than stated in his tax returns for 2015, that Joseph had a 25% ownership stake in a 300 lot subdivision, and that he was able to compete in a horse racing competition. These findings support the District Court's conclusion that Joseph's change in circumstance did not render the child support "unconscionable," because, according to the District Court, Joseph has other sources of income and is physically capable of performing certain jobs if he is physically capable of competing in a horse racing competition.

¶16    The District Court's denial of Joseph's motion to modify his child support obligation was not an abuse of discretion.  Although the denial of this motion may raise questions about the validity of the District Court's sua sponte stay of Joseph's child support obligation, Lona did not cross-appeal the issue.  It is therefore not properly before us for review.  *Gabriel v. Wood*, 261 Mont. 170, 178, 862 P.2d 42, 47 (1993).

¶17    Affirmed.


                                            /S/ JIM RICE


We concur:


/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER