# APRIL DAWN MYRICK, n/k/a APRIL BLOCK, Petitioner and Appellant, v. JASON ALLAN SKOLRUD, Respondent and Appellee.

No. DA 16-0168.
Submitted on Briefs November 10, 2016.
Decided December 27, 2016.
2016 MT 341.
386 Mont. 39.
386 P.3d 934.

For Appellant: **Lindsay A. Lorang**, Lorang Law, PC, Havre.

For Appellee: **Jason Allan Skolrud**, self-represented, Clancy.

JUSTICE RICE delivered the Opinion of the Court.

¶1 Appellant April Dawn Myrick, n/k/a April Block (April), appeals the order of the Seventeenth Judicial District Court, Valley County, which reduced the child support obligation of Respondent Jason Allan Skolrud (Jason), from $679 per month to $200 per month. We affirm and address the following issue:

> Did the District Court err by ordering a reduction in the support obligation for the parties' child?

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This appeal is part of an ongoing parenting and child support proceeding that has continuously been before the District Court since 2004. April and Jason have a minor son together, known in these

proceedings as K.A.S. Primary custody, physical time, and child support for K.A.S. have changed several times since 2004.

¶3 On September 3, 2014, April and Jason entered into the current parenting plan, which assigned to April the primary physical custody of K.A.S. The plan provided that "[c]hild support shall be paid as ordered by the Child Support Enforcement Division [(CSED)]." April petitioned CSED for recalculation of the child support obligation between the two parents. The CSED proceeding was limited to recalculating the child support based upon the change in parenting time under the new agreement, and other evidence about the parties' situation was not considered. CSED issued a final order on June 11, 2015, eliminating April's $48 monthly support obligation and imposing a $679 monthly support obligation on Jason. Jason was also ordered to pay an arrearage of approximately $2,000 in $104 monthly installments, setting his new child support payment at $783 per month.

¶4 On July 15, 2015, Jason filed a motion for judicial modification of the CSED order. Alleging he lacked sufficient resources to pay $679 per month, Jason requested a reduction to $200 per month. Jason is married and resides near his place of employment with his wife, Angela, and their four children (in addition to K.A.S.). Three of those children are Angela's that Jason has adopted, and the fourth child is Jason and Angela's together. Angela has historically contributed between $1,000 and $1,900 per month to the family income from her part-time employment as a nurse, with the specific monthly amount depending upon the medical facility's need for her services. However, Angela's 12-year-old son has significant health issues, and the licensed psychologist treating the boy advised her to quit her nursing job, which she did in March of 2015. The District Court found that these health issues were "not likely to change in the immediately foreseeable future."

¶5 At the hearing on the motion, Jason presented evidence concerning his current income and his family's monthly household expenses, including mortgage, home utilities, clothing, food, educational expenses, vehicle fuel and maintenance, insurance, and medical bills. Jason testified, and the District Court found, that he and Angela "have had to borrow money from respective family members to assist with meeting their monthly expenses and are making $50.00 per month payments to maintain these loans."

¶6 The District Court concluded that, while Jason's child support is correctly calculated to be $679 per month under the CSED guidelines, the "change in circumstances noted herein give good and justifiable

reason to vary from those guidelines." The court determined that, with "budgeting and appropriate adjustment of monthly expenses," Jason would be able to pay $200 per month in child support. The District Court ordered:

> Effective July 15, 2015 (the date Jason filed his motion to modify), Jason's child support obligation to April is reduced to $200.00 per month. Should the health condition of the 12 year old minor child of Jason and Angela change so Angela can obtain either full-time or part-time employment, this reduced child support obligation shall again be reviewed.

The District Court ordered that the reduced child support obligation was "contingent upon Jason providing April, not less than annually, with a verified statement (i.e., under oath) generally describing the 12-year-old's health condition and its impact on Angela's employability."

## STANDARD OF REVIEW

¶7 A district court's decision on modification of child support is reviewed for an abuse of discretion. *In re Marriage of Carter-Scanlon*, 2016 MT 190, ¶ 8, 384 Mont. 273, 378 P.3d 1157 (citing *In re Marriage of Wilson*, 2009 MT 203, ¶ 12, 351 Mont. 204, 210 P.3d 170); *Simpson v. Simpson*, 2013 MT 22, ¶ 15, 368 Mont. 315, 294 P.3d 1212. A court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Brown v. Brown*, 2016 MT 299, ¶ 11, 385 Mont. 369, 384 P.3d 476 (citing *In re Marriage of Pearson*, 1998 MT 236, ¶ 30, 291 Mont. 101, 965 P.2d 268); *Simpson*, ¶ 15.

## DISCUSSION

¶8 *Did the District Court err by ordering a reduction in the support obligation for the parties' child?*

¶9 April argues that the District Court erred (1) by concluding there was a change in circumstances, because Jason only testified to a loss of $175 per month in his income and CSED did not use Angela's income in its child support calculations; and (2) by failing to determine that the reduction was in the child's best interest under the factors in § 40-4-212, MCA.

¶10 "In determining child support obligations, a district court must follow the [CSED guidelines] unless clear and convincing evidence demonstrates that their application is unjust or inappropriate in that particular case." *In re Marriage of Frick*, 2011 MT 41, ¶ 21, 359 Mont. 296, 249 P.3d 67 (citing § 40-4-204(3)(a), MCA). "Whenever a court

issues *or modifies* an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support [CSED] guidelines ...." Section 40-4-204(3), MCA (emphasis added). The amount of support calculated pursuant to the CSED guidelines "is presumed to be an adequate and reasonable support award, unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust ... to any of the parties or that it is inappropriate in that particular case." Section 40-4-204(3)(a), MCA. While April cites to the best interest standards in §§ 40-4-212 and -219, MCA, those statutes apply to a court's determination or modification of a "parenting plan." Sections 40-4-212(1), 40-4-219(1), MCA. Modification of child support is addressed in §§ 40-4-204 and -208, MCA. Specifically, when a court is considering the imposition or modification of child support, it is to "determine the child support obligation by applying the standards" set forth in § 40-4-204, MCA, and the CSED guidelines. Section 40-4-204(3)(a), MCA. The statutory standards include, among other factors, "the financial resources of the parents" and "the needs of any person, other than the child, whom either parent is legally obligated to support." Section 40-4-204(2)(b), (h), MCA.

¶11 Although April argues that Jason testified to a loss of only $175 per month, this argument ignores, as the CSED proceeding likewise ignored, the situation created in Jason's household by his son's significant illness, including that this medical condition required Angela to quit her job, which had provided a substantial amount of the family's monthly income. While the CSED proceeding did not consider Angela's income, the District Court found that this loss contributed to a budgetary shortfall such that Jason's income could not meet his household expenses while also paying the CSED-determined support obligation, and that he had to borrow money to meet monthly expenses. The District Court found that, with "budgeting and appropriate adjustment of monthly expenses," Jason would be able to pay $200 per month in child support. The court also found that April was not always using "in network" medical providers or the Indian Health Service, for which K.A.S. was eligible, to obtain lower cost or free medical services, and ordered April to do so, reasoning that the parties "cannot afford to incur health care expense for the child when that expense could reasonably be covered by insurance or benefits available to the child."

¶12 ■ Sufficient evidence was presented to support the District Court's findings and to demonstrate that the CSED-determined obligation would be "unjust ... to any of the parties or that it is inappropriate in that particular case." Section 40-4-204(3)(a), MCA.

The District Court has presided over this proceeding for over 10 years and was well acquainted with the parties and their circumstances. Its order tied the new monthly obligation to developments regarding care of Jason and Angela's son, including reporting and future review of the issue. We conclude that the District Court did not abuse its discretion.[1]

¶13 Affirmed.

CHIEF JUSTICE McGRATH, JUSTICES BAKER, WHEAT and McKINNON concur.

---

[1] Although the District Court's order referenced CSED's assessment upon Jason of $104 per month for payment of a support arrearage, it is unclear from the order whether the court reduced Jason's total payment of $783 per month, or reduced only the current guideline calculation of $679 per month, down to $200 per month. We do not reach that issue.