FILED

February 16 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0177

DA 15-0177

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 33

JAS, INC.,

        Plaintiff and Appellant,

   v.

RICHARD D. EISELE; LAURIE EISELE;
INDYMAC BANK, FSB/DOCUMENT
MANAGEMENT; INDYMAC BANK, FSB;
CHARLES J. PETERSON, ESQ.;
COUNTRYWIDE HOME LOANS, INC.; LSI
RECORDING DEPARTMENT; NATIONAL
TITLE CLEARING; ONEWEST BANK, FSB;
FIRST AMERICAN TITLE COMPANY OF
MONTANA, INC.; MACKOFF KELLOGG
LAW FIRM; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; CITY
FINANCE DEPARTMENT; YELLOWSTONE
COUNTY TREASURER; MONTANA
DEPARTMENT OF REVENUE; and all other
persons, unknown, claiming or who might
claim any right, title, estate, or interest in
or lien or encumbrance upon the real
property described in the complaint adverse
to plaintiff's ownership or any cloud upon
plaintiff's title thereto, whether such claim
or possible claim be present or contingent,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DV 12-0173
                    Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC;
           Billings, Montana

For Appellees:

Charles K. Smith, Poore, Roth & Robinson, PC; Butte, Montana

Submitted on Briefs: November 4, 2015
Decided: February 16, 2016

Filed:

Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Plaintiff JAS, Inc. appeals the order of the Thirteenth Judicial District Court, Yellowstone County, which granted the defendants' motion for summary judgment and voided the Trustee's Sale at which JAS purchased the property at issue. After the Trustee's Sale, JAS brought a quiet title action to the property against all the defendants listed in the caption of this case including Mortgage Electronic Systems, Inc. (MERS), Countrywide Home Loans, Inc., and OneWest Bank, FSB. MERS is the only original defendant remaining in this appeal. Bank of America, N.A. (BOA), the successor to Countrywide, intervened. We affirm.

¶2 We restate the issues on appeal as follows:

1. *Whether Bank of America's actual or constructive notice of the Trustee's Sale precludes it from objecting to the sale on the basis of failure of strict compliance with the Small Tract Financing Act of Montana.*

2. *Whether Bank of America was entitled to notice of the Trustee's Sale when it did not have a recorded interest in the property at the time of the sale.*

3. *Whether JAS is entitled to repayment of the funds it paid to OneWest Bank for the property purchased at the Trustee's Sale.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 In 2004, Richard and Laurie Eisele entered into a loan with IndyMac, FSB to purchase a residence located at 6333 Bristlecone Place. The loan was secured by a Deed of Trust dated May 18, 2004. In November 2005, the Eiseles entered into a loan with Countrywide. This loan was secured by a second position lien on the Bristlecone property and a Deed of Trust dated November 23, 2005. In 2008, BOA purchased

Countrywide. BOA contends that Countrywide's interest in the Bristlecone property was transferred to it at that time.

¶4 On March 5, 2010, IndyMac assigned the May 18, 2004 Deed of Trust to OneWest Bank. In early 2011, the Eiseles defaulted on their loan to OneWest Bank. The Trustee and Beneficiary associated with the Bristlecone property agreed to sell the property by Trustee's Sale.

¶5 The Trustee prepared a Notice of Trustee's Sale on May 6, 2011, indicating that the Bristlecone property would be sold on September 13, 2011. An Affidavit of Mailing, filed on May 16, 2011, indicates that the May 6 Notice was mailed to the Eiseles, Countrywide, and MERS. On June 30, 2011, the Trustee issued a Cancellation of Notice of Trustee's Sale. On July 11, 2011, the Trustee issued a second Notice of Trustee's Sale, stating the sale would be conducted on November 15, 2011. No Affidavit of Mailing pertaining to the November sale was issued; therefore, we do not know who was served with the second Notice. It is undisputed, however, that BOA was not personally served with notice of either scheduled Trustee's Sale.

¶6 At the Trustee's Sale on November 15, 2011, JAS purchased the Bristlecone property for $282,488.08. A Deed of Sale was issued on November 17, 2011. JAS is a company owned by Steve Zimmer through which Zimmer purchases properties at trustee sales, remodels or repairs the properties, and then resells them. Zimmer testified that he purchased the Bristlecone property with the intent that it serve as his family's residence.

¶7 Several days after the Trustee's Sale, a representative of Northwest Trustee Services, Inc. (NTS) approached Zimmer and offered to purchase the Bristlecone

4

property. According to the District Court's order, NTS had been hired to represent the interests of BOA at the Trustee's Sale. Following negotiations, JAS agreed to sell the property to NTS for $473,000. On December 2, 2011, NTS presented JAS with a cashier's check issued by BOA for the agreed-upon amount.

¶8 While awaiting the completion of the sale of the Bristlecone property to NTS, Zimmer and his wife made several visits to the house. On or around December 9, 2011, they found a notice indicating that Field Assets Services, LLC had winterized the house. Not having requested such services, the Zimmers called Field Assets and were told that BOA had requested and paid for the winterizing services. During this time, the Zimmers also learned that BOA had retained an engineering firm to perform a structural assessment of the house.

¶9 On approximately December 15, 2011, NTS withdrew its offer to purchase the property and requested the return of BOA's cashier's check. NTS claimed that there had been a flaw in the way the Trustee's Sale was conducted, and that the sale to JAS was therefore void. JAS returned the check as requested.

¶10 JAS filed a quiet title action in the Thirteenth Judicial District Court on February 8, 2012. JAS named as defendants those parties listed in the caption of this case and served them with the complaint. JAS did not name or serve BOA as a defendant. Subsequently, numerous defendants were dismissed from the proceeding after disclaiming an interest in the property, while others, including Countrywide, MERS, and OneWest Bank, were defaulted.

5

¶11 On July 11, 2012, the District Court entered its Final Judgment and Decree, quieting title to JAS. Notice of entry of this final judgment was filed the same day. On July 16, 2012, apparently without knowledge that default judgment had been entered on July 11, 2012, Countrywide and MERS filed a joint motion to have the entries of default against them set aside. On July 24, 2012, BOA moved to intervene under M. R. Civ. P. 24(a) and to have the default judgment against Countrywide set aside. BOA also filed an answer to JAS's complaint.

¶12 On June 26, 2013, the District Court granted MERS's motion to have the entry of default set aside and BOA's motion to intervene. JAS appealed the rulings to this Court. We concluded that the District Court did not manifestly abuse its discretion in granting MERS's motion to set aside the default judgment, nor did it err in granting BOA's motion to intervene. *JAS, Inc. v. Eisele et al.*, 2014 MT 77, ¶ 38, 374 Mont. 312, 321 P.3d 113 (*JAS I*). We did not analyze the order setting aside the default judgment against Countrywide "[b]ecause the [District Court] properly allowed BOA to intervene[,] and it is the actual party in interest." *JAS I*, ¶ 28.

¶13 Following the 2014 appeal, JAS moved for summary judgment against BOA and MERS. BOA moved for summary judgment against JAS. The District Court held a hearing on the motions on November 24, 2014. Neither JAS nor BOA requested or conducted additional discovery; therefore, no additional facts were presented for consideration by the court.

¶14 On January 15, 2015, the District Court issued an order granting BOA's motion for summary judgment and denying JAS's motion. The court held that the November 15,

2011 Trustee's Sale of the Bristlecone property was void ab initio for failure to strictly follow Montana's foreclosure laws. It held that a new Trustee's Sale of the Bristlecone property must occur.

¶15 On February 3, 2015, JAS moved to alter or amend the January 15, 2015 order. JAS requested that the court substitute JAS for the original foreclosure entity, OneWest Bank, so that JAS could conduct a new Trustee's Sale. JAS also asked the court to limit the notice requirements to the only remaining defendants, BOA and MERS, because all other interested parties previously defaulted in the action. In its reply brief in support of its motion, JAS alternatively requested that the court order OneWest Bank to return the $282,488.08 that JAS paid for the Bristlecone property in the first Trustee's Sale.

¶16 On March 9, 2015, the District Court denied JAS's motion to alter or amend. The court held that JAS could have raised all of its arguments in the summary judgment proceedings, and JAS had ample time to consider the consequences of the November 15, 2011 Trustee's Sale being found void ab initio. The District Court further noted that it was inappropriate for JAS to request limited notice requirements for a new Trustee's Sale because the November 15, 2011 Trustee's Sale was found void ab initio "precisely because the Court could not determine who properly received notice" of the sale. The court also denied the repayment of the $282,488.08 JAS paid for the Bristlecone property because it was not raised in JAS's original summary judgment motion.

¶17 JAS appeals the District Court's January 15, 2015 order, denying summary judgment to JAS and granting summary judgment in favor of BOA.

¶18 "We review a district court's grant of summary judgment de novo." *Knucklehead Land Co., Inc. v. Accutitle, Inc.*, 2007 MT 301, ¶ 10, 340 Mont. 62, 172 P.3d 116. We apply the same criteria as M. R. Civ. P. 56. Summary judgment is proper when the moving party meets its burden and establishes both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Knucklehead*, ¶ 10. "The burden of proof then shifts to the non-moving party to prove beyond mere speculation and denial that a genuine issue of material fact exists." *Knucklehead*, ¶ 10.

## DISCUSSION

¶19 *1. Whether Bank of America's actual or constructive notice of the Trustee's Sale precludes it from objecting to the sale on the basis of failure of strict compliance with the Small Tract Financing Act of Montana.*

¶20 The Small Tract Financing Act of Montana (STFA), §§ 71-1-301 to -321, MCA, allows the use of trust indentures to finance estates of real property that are smaller than 40 acres. Section 71-1-302, MCA. A Trustee may foreclose a trust indenture by advertisement and sale. Section 71-1-313, MCA. "[T]he trustee is subjected to strict notice requirements before crying the sale . . . ." *Knucklehead*, ¶ 13 (citing §§ 71-1-313, -315, -319, MCA). Notice of the sale must be mailed to "any successor in interest to the grantor whose interest and address appear of record at the filing date," and "any person who has a lien or interest . . . whose lien or interest and address appear of record at the filing date . . . ." Section 71-1-315(1)(a)(iv)-(v), MCA. The STFA also requires that, "[o]n or before the date of sale, there must be recorded in the office of the clerk and

8

recorder . . . affidavits of mailing, posting, and publication showing compliance with the requirements of this section." Section 71-1-315(2), MCA.

¶21 JAS argues that the November 15, 2011 Trustee's Sale was valid despite the failure to file an Affidavit of Mailing with the Clerk and Recorder. JAS contends that BOA had actual knowledge of the Trustee's Sale because BOA hired NTS to attend the sale and bid on the Bristlecone property. JAS argues that BOA had constructive notice through publication of the Trustee's Sale and should be precluded from objecting to the sale on the basis of failure of strict compliance with the STFA.

¶22 BOA argues that the STFA requires strict compliance, and the failure to file an Affidavit of Mailing voided the sale. In *Terry L. Bell Generations Trust v. Flathead Bank of Bigfork*, 2013 MT 152, 370 Mont. 342, 302 P.3d 390, the District Court voided a Trustee's Sale for failure to follow the notice provisions of § 71-1-315, MCA. *Bell*, ¶ 9. In *Bell*, Flathead Bank held deeds of trust to property on Flathead Lake, and Bell held a later-recorded easement over the property. *Bell*, ¶¶ 4-5. When the property owners defaulted on their loans, Flathead Bank held a Trustee's Sale, but Bell did not receive proper notice of the sale. *Bell*, ¶ 6. The Trustee held a second sale, however, of which Bell was given proper notice. *Bell*, ¶ 6. The District Court held that the first Trustee's Sale was invalid for failure to give Bell proper notice, and it held that holding a second sale was proper relief. *Bell*, ¶ 9. This Court affirmed, holding that, "[w]hen the notice requirements are not followed, the only recourse is a second trustee's sale where each interest holder who did not previously receive notice receives appropriate notice and has an opportunity to purchase the subject property." *Bell*, ¶ 18.

9

¶23    In this case, we cannot know which, if any, party with an interest of record received notice of the November 15, 2011 Trustee's Sale because no Affidavit of Mailing was filed with the District Court. The STFA contains strict notice requirements. It does not provide for an actual or constructive notice exception, and we decline to adopt one here. The District Court properly voided the sale because no Affidavit of Mailing was filed as required by § 71-1-315(2), MCA. The District Court also correctly found that, as in *Bell*, the proper relief is to hold a second Trustee's Sale of the Bristlecone property.

¶24    *2. Whether Bank of America was entitled to notice of the Trustee's Sale when it did not have a recorded interest in the property at the time of the sale.*

¶25    JAS argues that BOA was not entitled to notice of the November 15, 2011 Trustee's Sale because BOA did not have a recorded interest in the property at the time of the Trustee's Sale. It bears noting that Countrywide, BOA's predecessor-in-interest who undisputedly had an interest of record in the Bristlecone property, was entitled to notice of the Trustee's Sale under the STFA, and we have no way of knowing whether Countrywide received the required notice because of the failure to file the required Affidavit of Mailing.

¶26    More to the point for our consideration, however, JAS did not raise this argument in the District Court. As a general rule, "this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory." *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100. This is because "'it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.'" *Easley*, ¶ 15 (quoting *Day v. Payne*,

10

280 Mont. 273, 277, 929 P.2d 864, 866 (1996)). Accordingly, we do not consider this argument.

¶27 *3. Whether JAS is entitled to repayment of the funds it paid to OneWest Bank for the property purchased at the Trustee's Sale.*

¶28 Because we are holding that the November 15, 2011 Trustee's Sale is void ab initio, JAS requests this Court to order the return of the $282,488.08 JAS paid to OneWest Bank for the Bristlecone property. The District Court denied this request because JAS raised it for the first time in its reply brief in support of its motion to alter or amend the judgment. The District Court noted that, during the summary judgment hearing, "the parties represented to the Court that they would be able to resolve damage issues without further court involvement once the Summary Judgment motions were addressed." Accordingly, the District Court denied JAS's request because it concluded "[t]his argument could have been made at the Summary Judgment hearing."

¶29 As reflected in its notice of appeal, JAS appealed only the District Court's denial of its motion for summary judgment; it has not appealed the District Court's order denying its motion to alter or amend the judgment. The issue of whether JAS is entitled to the return of funds it paid to OneWest Bank was not raised in its motion for summary judgment. As the District Court noted, this issue was raised for the first time in JAS's reply brief in support of its motion to alter or amend the judgment. This Court has previously held that we will not consider an appeal from an order that is not designated in the notice of appeal. *In re K.C.H.*, 2003 MT 125, ¶ 29, 316 Mont. 13, 68 P.3d 788.

¶30 In its January 15, 2015 order granting summary judgment to BOA, the District Court recognized that "the nullity of the sale has grave implications for the Zimmers" and expressed its expectation that the parties would pursue an "equitable result" in resolution of this case. We likewise recognize that, in light of the need to conduct a new Trustee's Sale, equity favors JAS's recovery of the funds it paid to OneWest Bank rather than those funds bestowing a windfall on another party. However, the District Court did not err by refusing to consider this issue, which it correctly concluded had not been properly raised. Nor is this issue properly before this Court on appeal. While it may conceivably become an issue after the second Trustee's Sale is concluded, it is not within our province to address it at this juncture.

## CONCLUSION

¶31 The District Court properly voided the November 15, 2011 Trustee's Sale for failure to comply with the notice requirements of the STFA. The issue of JAS's recovery of the funds it paid to OneWest Bank at the November 15, 2011 Trustee's Sale is not properly before this Court. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE

12

Justice Beth Baker, concurring.

¶32 I concur with the disposition of this appeal, but on different grounds as to Issue Two. It is undisputed that, at the time of the Trustee's Sale, Bank of America did not have a recorded interest in the property. Under § 71-1-315(1)(a), MCA, notice of a Trustee's sale must be provided to:

> (i) the grantor, at the grantor's address as set forth in the trust indenture or if the grantor's address is not set forth in the trust indenture at the grantor's last-known address;
>
> (ii) each person designated in the trust indenture to receive notice of sale whose address is set forth in the trust indenture, at that address;
>
> (iii) each person who has filed for record a request for a copy of notice of sale within the time and in the manner provided in this section, at the address of the person as set forth in the request;
>
> (iv) any successor in interest to the grantor whose interest and address appear of record at the filing date and time of the notice of sale, at that address;
>
> (v) any person who has a lien or interest subsequent to the interest of the trustee and whose lien or interest and address appear of record at the filing date and time of the notice of sale, at that address.

Bank of America had neither recorded its interest nor filed a request for copies of any notices of sale as allowed by § 71-1-314, MCA.

¶33 If Bank of America had no recorded interest, it was not entitled to notice of the sale. Section 71-1-315, MCA. If it was not entitled to notice of the sale, it has no standing to object to a defect in the notice. Standing is a threshold issue that this Court considers even if it is not raised by a litigant. *Baxter Homeowners Ass'n v. Angel*, 2013 MT 83, ¶ 14, 369 Mont. 398, 298 P.3d 1145. I would conclude that Bank of America

13

lacks standing to assert a claim that the Trustee's sale did not comply with the notice and recording requirements of the STFA. Contrary to Bank of America's argument, our decision in *JAS I* does not establish law of the case on this point because that decision addressed only whether the District Court properly allowed Bank of America to intervene in the quiet title action.

¶34 This conclusion would not dispose of the appeal, however, because MERS also was named as a defendant in the case, is represented by the same counsel as Bank of America, and is listed in the Appellee's Brief. MERS did have a recorded interest in the property and would have standing to object to the lack of notice or deficiencies in the process. Although Bank of America asserted in the District Court that MERS "has set forth no affirmative claims in summary judgment against JAS," the parties do not develop adequately the relative positions of these two separate entities to justify dismissing the matter altogether for lack of standing. Nor does JAS develop its argument that MERS should be dismissed as a party to the case, save for a single reference to the Court's decision in *Pilgeram v. GreenPoint Mortgage Funding, Inc.*, 2013 MT 354, 373 Mont. 1, 313 P.3d 839. "It is not our obligation to conduct legal research or develop legal analysis supporting a party's position." *In re Estate of Harmon*, 2011 MT 84A, ¶ 28, 360 Mont. 150, 253 P.3d 821; (citing M. R. App. P. 12(1)(f)).

¶35 Accordingly, I concur in the decision to affirm.


/S/ BETH BAKER

14