FILED

11/22/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0085

DA 16-0085

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 299

IN RE THE MARRIAGE OF:

EMILY A. BROWN,

       Petitioner and Appellee,

   v.

JOHN O. BROWN,

       Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twelfth Judicial District, In and For the County of Hill, Cause No. DR 11-019 Honorable David Cybulski, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

           Jason T. Holden, Katie R. Ranta, Faure Holden Attorneys at Law, P.C., Great Falls, Montana

      For Appellee:

           Amy O. Duerk, Simon Law Office, Missoula, Montana

                    Submitted on Briefs: September 21, 2016

                            Decided: November 22, 2016

Filed:

                          _____
                                 Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 John Brown appeals from an order of the Montana Twelfth Judicial District Court, Hill County, denying his motions to modify the parenting plan and child support agreement he entered with his former wife, Emily. Although Emily does not cross-appeal, she requests an award of fees associated with the appeal. We affirm the District Court's denial of John's motions and deny Emily's request for fees.

## ISSUES

¶2 We address the following issues on appeal:

*1. Did the District Court err in denying John's motions to modify child support and amend the parenting plan without a hearing?*

*2. Is Emily entitled to attorney's fees associated with the appeal?*

## BACKGROUND

¶3 The District Court entered a decree dissolving the marriage of John and Emily Brown in November 2012. The decree incorporated by reference a separation agreement signed by the parties that provided a parenting plan and child support for their daughter, the sole child of their marriage. The agreement obligated John to pay $1000 per month in child support through the end of 2012 and $750 per month thereafter. The agreement also provided that each party had "the right to modify child support payments every two years."

¶4 The parenting plan designated Emily as the primary parent. John and Emily agreed their daughter would live with Emily and attend school in Missoula during the school year. John was entitled to spend one weekend each month of the school year with

2

their daughter in Missoula, and for the majority of the summer, their daughter would live with John in Havre. The parenting plan further provided that "[a] motion to amend this plan to change the school location or schedule . . . prior to September, 2013, is vexatious and not in the best interests of the child."

¶5 On February 3, 2014, John filed a motion to modify his child support obligation, citing § 40-4-208, MCA. In his motion, John claimed his "income and financial circumstances have changed significantly." John explained that "[h]e does not earn the income he once did and he can no longer afford the $750.00 per month payment." The motion did not elaborate on why or to what extent his income had fallen. John asked for a hearing on his motion and a scheduling order to exchange financial information with Emily.

¶6 On February 18, 2014, Emily filed a brief opposing John's motion. Emily argued John's motion was premature under the terms of their agreement and that John had failed to raise sufficient facts to show the substantial and continuing change in circumstances required by § 40-4-208, MCA. After receiving several time extensions, John filed a memorandum and affidavit supporting his motion on March 12, 2014, in which he asserted that § 40-4-208, MCA, allowed the court to modify his child support obligation upon a showing of changed circumstances. According to the memo, John "believes he has shown such a circumstance and will show such a circumstance." John explained that his declining income was out of his control and noted that the price of gas was at "historic lows." John again requested a hearing and a scheduling order.

3

¶7     On April 24, 2015, John filed a motion to amend the parenting plan.  In his affidavit supporting the motion, John asked the District Court to review the plan because his contact with his daughter "is essentially a non-school year schedule" and "is not substantial and continuing."  John did not claim Emily had breached the parenting plan, but he expressed his belief that it was in his daughter's best interest to spend every other weekend with him during the school year.  John again requested a hearing.  Emily opposed the motion, arguing again that John had failed to show a substantial change in circumstances.

¶8     A discovery dispute ensued when Emily sought to compel John to produce financial records.  This dispute further delayed a hearing on John's motions.  On August 10, 2015, the parties stipulated to a scheduling order that set September 24 as the date for a hearing on the outstanding motions.  Emily filed a status report on September 17 in which she relayed information obtained in discovery about several instances of high-value transactions in John's personal checking account.  Premised upon these facts, Emily argued John's financial condition had not changed for the worse and asked the District Court to deny the pending motions and vacate the hearing.  Based on Emily's status report, the District Court vacated the hearing but did not rule on the motions.  Instead, the District Court gave John until November 16, 2015, to respond to Emily's status report.

¶9     John's response to the status report again asserted that it would be in his daughter's best interest to spend more time with him.  Regarding the modification to his child support obligation, John claimed that he was "entitled to a reduction as the parties

agreed to adjust child support in two (2) years and [Emily] is making more money today and [John] is making less money today." As before, John did not provide any explanation of how or why his income had fallen, beyond the vague statement that his "income has declined because of the continued historic lows of natural gas prices."

¶10 On December 15, 2015, the District Court conducted a case management conference with the parties via telephone. Following that conference, the District Court issued the order denying John's motions that serves as the basis for this appeal. In the order, the District Court stated that "the parties [sic] counsel agreed that no hearing was needed on the pending motions," although John maintains that neither he nor his counsel withdrew his multiple requests for a hearing. On the basis of the motions, briefs, and affidavits discussed above, the District Court concluded that John had not shown a substantial change in circumstances or provided a basis for modifying his child support obligations. Accordingly, the District Court denied John's motions. John timely appeals.

## STANDARD OF REVIEW

¶11 We review a district court's ruling on a motion for modification of child support for an abuse of discretion. *In re Marriage of Pearson*, 1998 MT 236, ¶ 29, 291 Mont. 101, 965 P.2d 268. We also apply the abuse of discretion standard to a district court's decision not to hold an evidentiary hearing. *Harrington v. Energy W. Inc.*, 2015 MT 233, ¶ 11, 380 Mont. 298, 356 P.3d 441. A court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Pearson*, ¶ 30.

5

**DISCUSSION**

¶12    *1. Did the District Court err in denying John's motions to modify child support and amend the parenting plan without a hearing?*

¶13    At the outset, we note that the terms of a separation agreement are generally binding upon the court, except for provisions relating to "support, parenting, and parental contact with children." Section 40-4-201(2), MCA. As such, John's contention that the separation agreement grants him the *right* to modify child support and the parenting plan is not persuasive—the relevant statutes in Title 40, chapter 4, MCA, must be satisfied to modify child support or a parenting plan. Indeed, John seems to acknowledge this by citing § 40-4-208, MCA, in his original motion to modify child support.

¶14    It is also important to distinguish between a motion to modify child support and a motion to modify a parenting plan. Both are at issue in this case and both ultimately require a showing of changed circumstances, but Montana statutes provide different standards for evaluating the necessity of the two types of modification. We therefore address the two motions in turn.

**A.  Child Support Modification**

¶15    Child support provisions in a dissolution decree may be amended only under certain, specific conditions. *See* § 40-4-208(2)(b), MCA. One of these conditions requires "a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA. Unconscionability determinations are made on a case-by-case basis at the discretion of the district court. *Pearson*, ¶ 30.

6

¶16     In his motion to modify his child support obligation, John claimed his income and financial circumstances had changed significantly. More than a month later, John filed a supporting affidavit that echoed this conclusory refrain and generally blamed the price of natural gas for his alleged earnings decline. John did not explain how the drop in the price of gas affected his income or the extent to which his income had declined since the decree of dissolution. From this nebulous claim of changed circumstances, John maintains that he is entitled to an evidentiary hearing.

¶17     John cites *Harrington* for the proposition that a district court should hold an evidentiary hearing (1) if there are disputed issues of material fact and (2) if the court must weigh the credibility of witnesses. *See Harrington*, ¶ 11. While these considerations would generally counsel in favor of a hearing, we note that John has not actually mustered a dispute of material fact. Nearly two years had passed between the filing of the motion to modify child support and the District Court's denial of the motion. During this time, John merely made conclusory statements about the need for a child support modification but did not make a showing of changed circumstances arguably demonstrating that the existing support order was unconscionable. We are not inclined to compel the District Court to hold a hearing to find the facts that John has repeatedly failed to assert. Consequently, we cannot fault the District Court for refusing John's requests for an evidentiary hearing, nor can we fault the District Court's ultimate conclusion that John failed to show a substantial and continuous change in circumstances that made his child support obligation unconscionable.

7

### B. Parenting Plan Modification

¶18    Montana's laws governing parenting plans seek to "preserve stability and continuity of custody for the children." *In re Marriage of Johnson*, 266 Mont. 158, 166, 879 P.2d 689, 694 (1994) (internal quotation marks omitted). A district court may amend a parenting plan

> if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child.

Section 40-4-219(1), MCA.

¶19    A parent who seeks to amend a parenting plan must "submit, together with the moving papers, an affidavit setting forth facts supporting the requested plan or amendment." Section 40-4-220(1), MCA. It is not enough to simply file the motion without specifying how the parenting plan should be amended; the requested amendment must be included with the moving papers. Section 40-4-219(7), MCA. Taken together, these statutes impose a burden on the parent seeking an amendment to show, through affidavits submitted with the motion to amend, facts that were unknown to the court when the parenting plan was adopted or that have since arisen and that necessitate amendment of the parenting plan.

¶20    The District Court's order did not cite these statutes, but summarized the law by noting that "[p]arenting plans can only be modified on a substantial change in circumstances." John does not dispute this interpretation of the statute, nor does he allege Emily has in any way breached their parenting plan. Instead, John argues that the

8

settlement agreement specifically allowed modification of the parenting plan after two years had passed.

¶21 John relies on the following language from the agreement: "A motion to amend this plan to change the school location or schedule . . . prior to September, 2013, is vexatious and not in the best interests of the child." This language simply provides that any attempt to amend the parenting plan before the stated month is not in the child's best interests. It does not grant either party a right to freely amend the plan after September 2013. Moreover, any amendment to the parenting plan must comply with the applicable statutes. *See* § 40-4-201(2), MCA. In other words, John, as the movant, was required to submit a specific, proposed amendment to the parenting plan and an affidavit informing the District Court of the new facts that necessitated the amendment. *See* §§ 40-4-219(7) and -220(1), MCA.

¶22 John did not supply a specific, proposed amendment with his motion. He did file an affidavit, in which he argues that the parenting schedule during the school year deprives him of substantial and continuing contact with his child. As the District Court observed, however, "[t]he fact that the child is now in school and school attendance interferes with visitation was anticipated by the prior parenting plan, and was to be expected in the ordinary course of life." Thus, the District Court concluded John failed to show the requisite "substantial change in circumstances." The District Court was not obliged to hold an evidentiary hearing to give John an opportunity to cure his failure to raise facts pursuant to § 40-4-220(1), MCA, or submit a proposed amendment in compliance with § 40-4-219(7), MCA. We therefore conclude the District Court did not

9

abuse its discretion in denying John's motion to amend the parenting plan without first holding an evidentiary hearing.

¶23    *2. Is Emily entitled to attorney's fees associated with the appeal?*

¶24    On appeal, Emily asks this Court to award her attorney's fees incurred during the appeal, relying on *Cadena v. Fries*, 2015 MT 90, 378 Mont. 409, 346 P.3d 347, and M. R. App. P. 19(5). In *Cadena*, the parties' separation agreement provided for an award of attorney's fees to the prevailing party. *Cadena*, ¶ 22. John and Emily's separation agreement contains no such provision, so *Cadena* is inapposite. We will award attorney's fees under M. R. App. P. 19(5) if the appellant's claims for relief are "frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." Although John's claims lack merit, we cannot conclude they are frivolous or lacking in good faith. *See In re Marriage of Parker*, 2013 MT 194, ¶ 54, 371 Mont. 74, 305 P.3d 816.

¶25    Alternatively, Emily asks this Court to sanction John for filing vexatious motions that constitute harassment, pursuant to § 40-4-219(5), MCA. Emily did not raise this argument at the District Court, however, and we will not consider it for the first time on appeal. *See JAS, Inc. v. Eisele*, 2016 MT 33, ¶ 26, 382 Mont. 200, 367 P.3d 330.

## CONCLUSION

¶26    We affirm the order of the District Court and decline to award attorney's fees related to the appeal.

/S/ PATRICIA COTTER

10

We Concur:


/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE
/S/ MICHAEL E WHEAT