DA 19-0300

FILED

05/19/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0300

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 129N

IN RE THE MARRIAGE OF:

MICHAEL J. MILLER,

      Petitioner and Appellee,

  and

KARLA SLIGER, f/k/a KARLA SLIGER MILLER,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 14-321B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Karla Sliger, Self-represented, Wilbur, Washington

      For Appellee:

        Kirsten Mull Core, Law Office of Kirsten Mull Core, P.C., Bozeman,
Montana

Submitted on Briefs:  January 22, 2020

Decided:  May 19, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Karla Sliger (Mother) appeals pro se based on the essential assertion that the District Court, through its Standing Master (SM), erroneously modified the parties' original parenting plan to change the primary residential custody of their preschool son (J.M.) from Mother to his father, Michael J. Miller (Father). Favorably construed from her pro se briefing, Mother asserts various intermeshed errors under §§ 40-4-219 and -212, MCA, including, *inter alia*, failure to appoint a guardian ad litem. We affirm.

¶3     Following extensive motion practice and bench trial, the SM entered written findings of fact, conclusions of law, and judgment in May 2015 dissolving the parties' marriage, dividing their marital estate, and adopting an ultimately stipulated final parenting plan for J.M., then nearly age two. The parenting plan provided for J.M. to reside primarily with Mother, subject to Father's specified co-parenting and visitation rights. At the time, Mother was living in Spokane, Washington, after leaving Montana following the parties' separation. Father continued to reside in Belgrade, Montana.

¶4     Despite the clear and unequivocal provisions of the parenting plan, the parties had frequent disputes over the parenting of J.M. from the outset over the next two years. The ongoing acrimony resulted in a non-stop slew of "emergency" motions, contempt motions,

related hearings, and cross-motions for amendment of the parenting plan. In August 2017, based on a recent autism diagnosis by a pediatrician and his resulting recommendation that J.M. immediately begin a specialized therapy regimen in Spokane, the SM denied Father's motion to change J.M.'s primary residential custody. However, on subsequent review of the SM's ruling on Father's objections, the District Court afforded him the option of getting and presenting a second medical opinion on the continued necessity or alternative availability of J.M.'s therapeutic treatment. After additional proceedings and a hearing on remand, the SM issued oral and written findings of fact, conclusions of law, and judgment on July 2, 2018, amending the original parenting plan to change J.M.'s primary residential custody from Mother to Father. On subsequent review, the District Court overruled Mother's objections and affirmed the amended parenting plan on September 19, 2018.

¶5 Upon remand to the SM, Mother soon filed new objections, largely rehashing prior objections, and her latest motion for an "emergency" hearing and modification of the newly-amended parenting plan. However, the SM overruled the objections and denied Mother's latest motions for "emergency" hearing and parenting plan amendment. On December 7, 2018, on review of the SM's ruling on Mother's objections, the District Court issued a written order, affirming the SM ruling, stating:

> [Mother] continues to raise the same issues without presenting any evidence that would warrant a modification of the Amended Parenting Plan. [She] is even attempting to "appeal" this [c]ourt's actions back to this [c]ourt which is procedurally improper. Finally, [her] current objections to the [SM's most recent ruling] present facts and issues that were not previously raised before the [SM].

On December 19, Mother filed objections to the court's December 7 ruling, along with yet

3

another request for an "emergency" hearing. On December 21, 2018, the District Court again denied relief, stating:

> It appears [Mother] is attempting to "appeal" this [c]ourt's [December 7 ruling] back to this [c]ourt which is procedurally improper. Appeals of this [c]ourt's decisions must be made to the Montana Supreme Court . . . . To the extent [Mother] is seeking further relief from this [c]ourt, the issues raised in her most recent document have been previously raised and addressed by the [SM] and this [c]ourt. There is no basis for the [c]ourt to reconsider its prior orders.

After additional contempt proceedings initiated by Father, and another "emergency" motion from Mother, she appeals here.

¶6     On hearing and review of a standing master ruling pursuant to § 3-5-126(2), MCA, without taking additional evidence, a district court reviews the master's findings of fact only for clear error. M. R. Civ. P. 53(e)(2); *In re G.J.A.*, 2014 MT 215, ¶¶ 17-19, 376 Mont. 212, 331 P.3d 835. The court reviews the master's conclusions and applications of law de novo for correctness and exercises of discretion for an abuse of discretion. *In re Marriage of Patton*, 2015 MT 7, ¶¶ 24-26, 378 Mont. 22, 340 P.3d 1242. Upon appeal of a district court ruling on review of a master's decision, we review the district court ruling de novo for whether the court applied the proper standard of review, whether the master's findings of fact were clearly erroneous, and whether the court or master erroneously interpreted or applied the law or otherwise based the decision on an abuse of discretion. *See In re Marriage of Kostelnik*, 2015 MT 283, ¶ 15, 381 Mont. 182, 357 P.3d 912; *Patton*, ¶¶ 17-19, 40-43, and 46-59; *In re G.J.A.*, ¶¶ 21-24, 26-29.

4

¶7    District courts have broad discretion to modify parenting plans under the standards of §§ 40-4-219 and -212, MCA. *In re Marriage of Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894 (citations omitted). We thus review amended parenting plans only for a clear abuse of discretion. *Bessette*, ¶ 13 (citations omitted). An abuse of discretion occurs if a court exercises discretion based on a clearly erroneous finding of fact, an erroneous conclusion or application of law, or otherwise acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *Bessette*, ¶ 13 (citing *In re D.E.*, 2018 MT 196, ¶ 21, 392 Mont. 297, 423 P.3d 586).

¶8    District courts may amend an existing parenting plan upon findings that (1) "a change has occurred in the circumstances of the child" based on facts previously unknown or "that have arisen since the prior plan," and (2) "amendment is necessary to serve the best interest of the child" based on the relevant criteria under §§ 40-4-219(1) and -212, MCA, *inter alia*. Section 40-4-219(1), MCA. Here, the SM issued detailed oral and written findings of fact, conclusions of law, and judgment changing J.M.'s primary residential custody from Mother to Father. The SM found that, as of April 2018, "Mother failed to have [J.M.] attend all ABA therapy sessions in Spokane and that [he] had recently been dropped from speech therapy services." The SM further noted that Mother would be "moving with [J.M.] and [a] newborn baby to live with her fiancé in [a] small town" over an hour away from Spokane and which "does not have a preschool or occupational therapy offered in the summer." In contrast, the SM found that, during Father's summer parenting

5

time, he had J.M. in speech therapy three times a week in Bozeman and was committed to regularly meeting J.M.'s ongoing therapeutic needs. For various reasons, the SM found that Father could provide J.M. with more structured and stable family and community environments, with necessary specialized therapeutic services readily available. The SM also noted the multiple times that Mother frustrated J.M.'s contact with Father under the original parenting plan. Our review of the record indicates that the SM diligently made findings of fact pertinent to all materially disputed criteria under §§ 40-4-219 and -212, MCA, on the evidence presented. Mother has failed to demonstrate that any of the SM's material findings of fact are clearly erroneous, that the SM exercised its discretion based on an erroneous conclusion or application of law, or that the SM otherwise abused her discretion under §§ 40-4-219 and -212, MCA.

¶9 District courts have broad discretion to appoint a guardian ad litem to assist in determining the best interests of a child. *See* §§ 40-4-205 and -215, MCA; *In re Arneson-Nelson*, 2001 MT 242, ¶ 34, 307 Mont. 60, 36 P.3d 874. Here, the SM found that Mother failed to demonstrate any specific need for appointment of a guardian ad litem. Based on our review, we hold that Mother has failed to demonstrate that the SM abused her discretion in declining to appoint a guardian ad litem for J.M.

¶10 Mother has further failed to demonstrate that the District Court applied an incorrect standard of review of the SM's ruling or otherwise based any of its rulings on an erroneous conclusion or application of law or an abuse of discretion. We hold that the District Court

correctly affirmed the SM's amendment of the original parenting plan and further denied Mother's continuing objections and motions for further relief thereafter.

¶11 Father moves this Court on appeal for imposition of attorney fees pursuant to M. R. App. P. 19(5) (attorney fees as sanction for litigation that is frivolous, vexatious, or propounded for harassment, delay, or without substantial or reasonable grounds). While Mother's pro se assertions clearly lack ultimate merit, we cannot conclude under the circumstances that they are totally frivolous, vexatious, lacking, or propounded for any improper purpose under M. R. App. P. 19(5). *Accord In re Marriage of Brown*, 2016 MT 299, ¶ 24, 385 Mont. 369, 384 P.3d 476.

¶12 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. It presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶13 We affirm.

/S/ DIRK M. SANDEFUR

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE