FILED

10/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0627

DA 22-0627

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 189N

IN RE THE MARRIAGE OF:

DAWN TAYLOR,

       Petitioner and Appellant,

  and

JOHN TAYLOR,

       Respondent and Appellee.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-19-53
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kirsten Mull Core, Law Office of Kirsten Mull Core, P.C., Bozeman,
Montana

      For Appellee:

          Rebecca R. Swandal, Swandal Law, PLLC, Livingston, Montana

Submitted on Briefs:  September 13, 2023

Decided:  October 10, 2023

Filed:

_____
                Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dawn Taylor appeals the findings of fact, conclusions of law, and order of the Sixth Judicial District Court, Park County, adopting a final amended parenting plan. In pertinent part, the plan ordered that John Taylor will parent the children during the school week and Dawn will parent the children on the weekends; the plan also granted John sole decision-making authority regarding the education of the children. Dawn additionally appeals the District Court's order awarding John his attorney's fees for proceedings to enforce the plan. She requests that this matter be remanded to the District Court with a new judge to preside over the case. We affirm the parenting plan and reverse and remand for further proceedings on attorney's fees.

¶3 John and Dawn were married in October 2012 and have three minor children together. Dawn also has two teenage children from prior relationships, who reside primarily with her, and one adult child who lives in Bozeman. During the marriage the parties lived in Livingston, and Dawn home-schooled the children. John has worked as a nurse at the Gallatin County Detention Center since 2012. Dawn now cleans vacation rentals, which the District Court noted often takes her "randomly on the road to various places," such as Georgetown Lake and Bozeman.

2

¶4    The parties separated in April 2019. At the first interim hearing in August 2019, the court ordered that John receive parenting time on all his days off work, which essentially worked as a 50-50 parenting plan. Additionally, the Court ordered that John should have sole decision-making authority regarding the children's education. John moved to Bozeman, and Dawn remained in the marital home in Livingston. The parties' oldest child was enrolled in public school in Livingston for the 2019-2020 school year.

¶5    In May 2020, the parties stipulated to a final parenting plan, which the court adopted and ordered. In that plan, the parties agreed that the children would attend public school unless the parents otherwise agreed, and John would continue to have parenting time on his days off work.

¶6    The dissolution was finalized in June 2020. The parties agreed to sell the marital home. Shortly thereafter, John bought a four-bedroom home in Belgrade and has lived there since. Dawn moved to a rental in Three Forks. The oldest two children were enrolled in Three Forks elementary for the 2020-2021 school year.

¶7    In October 2021, John's work schedule changed. The parties adjusted their schedule accordingly, but John's schedule changed again in June 2022 such that John would work 12-hour shifts each Friday, Saturday, and Sunday and a four-hour shift on Monday morning. After he discussed the matter with Dawn, the parties agreed that John would parent the children during the week because Dawn worked during the week. In 2021, Dawn enrolled one of their children in a private school in Bozeman with John's consent. The child later was expelled from the school for bad behavior.

¶8     In early summer 2022, Dawn learned that her lease in Three Forks would not be renewed. She decided to move to Butte to find more affordable housing. In July 2022, she and her boyfriend purchased a two-bedroom home with a partially finished basement that is used for the children's bedroom.

¶9     On August 1, 2022, John filed a motion to enforce the parenting plan, alleging that Dawn was not complying with its terms; he also submitted a proposed amended final parenting plan. Later that same day, Dawn filed a notice of intent to move and a motion to amend the parenting plan.

¶10    When Dawn took a week of vacation time with the children in late August 2022, John was unaware that the children's school in Belgrade was to begin during that week. He also was unaware that Dawn enrolled the children in Highland View Christian School, a private school in Butte, which she had done without John's knowledge or consent, in direct violation of the final parenting plan. On August 30, 2022, Dawn filed an ex parte motion requesting retroactive permission to enroll the children in Highland View.

¶11    On September 22, 2022, the District Court held a hearing on the parenting plan with the presiding judge appearing remotely. John and Dawn testified at the hearing. Dawn also called her mother, the mother of another student at Highland View, and the principal of Highland View, as witnesses.

¶12    The District Court found that Dawn had violated the parenting plan and concluded that it was in the best interests of the children to reside with John during the week. It further held that John should have sole decision-making authority regarding the education of the

children. The court awarded John $7,337.50 in attorney's fees for having to seek enforcement of the plan.

¶13 "We review a parenting plan order to determine if the court's findings are clearly erroneous." *Woerner v. Woerner*, 2014 MT 134, ¶ 11, 375 Mont. 153, 325 P.3d 1244 (citation omitted). A finding of fact is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us that the district court made a mistake. *In re Marriage of Dennison*, 2006 MT 56, ¶ 13, 331 Mont. 315, 132 P.3d 535 (citation omitted). "When the findings are supported by substantial credible evidence, we will affirm the district court's decision unless a clear abuse of discretion is shown." *In re Marriage of Epperson*, 2005 MT 46, ¶ 17, 326 Mont. 142, 107 P.3d 1268 (citation omitted). "The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *Epperson*, ¶ 17 (citation omitted). We review a district court's conclusions of law for correctness. *In re Parenting of C.J.*, 2016 MT 93, ¶ 12, 383 Mont. 197, 369 P.3d 1028 (citation omitted).

¶14 Dawn argues that several of the District Court's findings of fact are contrary to or not based on the evidence presented at the hearing. Dawn claims that "John did not offer any testimony or evidence to support [the District Court's conclusion] that the children should reside with him primarily during the school year, or that attending school in Belgrade was in their best interests." Dawn's appellate brief recounts the testimony of her witnesses regarding the children's education at Highland View in support of her contention

that it is in the best interests of the children to attend school in Butte. She asserts that the District Court abused its discretion by ignoring her witnesses and by improperly weighing the interests of the parties and the best interests of the children when it granted John primary care of the children. Dawn alleges that the court improperly ignored the relationship between the children and Dawn's other children and disregarded testimony about what Highland View would offer the parties' children. Dawn also alleges that the District Court ignored that she was the children's primary caregiver. John responds that the District Court carefully considered the factors in § 40-4-212, MCA, and relied on substantial credible evidence to determine that the children's best interests will be served by residing with him during the school week and with Dawn on the weekends.

¶15 A district court must determine a parenting plan "in accordance with the best interest of the child." Section 40-4-212, MCA. The statute requires the district court to consider "all relevant parenting factors," which may include the thirteen enumerated factors, in determining the best interests of the child. Section 40-4-212(1), MCA. "It is well established that it is exclusively within the province of the trier of fact, and not this Court, to weigh evidence, including conflicting evidence, and judge the credibility of the witnesses." *In re Marriage of Edwards*, 2015 MT 9, ¶ 18, 378 Mont. 45, 340 P.3d 1237 (quoting *Owen v. Skramovsky*, 2013 MT 348, ¶ 22, 372 Mont. 531, 313 P.3d 205). "We have repeatedly held that we will not second-guess a district court's determinations regarding the strength and weight of conflicting testimony." *Edwards*, ¶ 18 (quoting *Skramovsky*, ¶ 22).

6

¶16 The District Court made specific findings on each of the best interest factors set forth in § 40-4-212(1), MCA. Under "the child's adjustment to home, school, and community" factor, the court noted that the oldest child, who is in third grade, has attended five different schools, including the most recent schools in Butte and Belgrade. Section 40-4-212(1)(d), MCA. The court also noted that the children missed numerous days of school while Dawn was primarily in charge of taking the children to school. The court found that the children were adjusted to John's home and community in Belgrade, whereas they were not adjusted to the home or community in Butte given the short duration of time that Dawn has lived there. The court considered the "continuity and stability of care" for the children, finding that the children have more stability in John's work schedule and living environment. Section 40-4-212(1)(h), MCA. The court also made findings on the developmental needs of the children, finding that one of the children exhibited "behavior issues" while attending the private school in Bozeman. Section 40-4-212(1)(i), MCA. Based upon its consideration of the factors, the court concluded that the best interests of the children will be served by the children residing with John during the school week and with Dawn on the weekends. Though we do not endorse the District Court's verbal comments during the hearing with which Dawn takes issue, the court's written findings are grounded in substantial record evidence. We disagree with Dawn's contention that the District Court's findings led to an incorrect application of the best interest factors under § 40-4-212(1), MCA.

¶17 Because a district court sits in the best position to evaluate the best interests of the children, "we must presume that the court carefully considered the evidence and made the correct decision." *Hood v. Hood*, 2012 MT 158, ¶ 24, 365 Mont. 442, 282 P.3d 671. "Whether we would have reached the same decision as the trial court is not the standard under which we review a court's order for an abuse of discretion." *Woerner*, ¶ 29 (citation omitted). Rather, "[w]e review whether substantial evidence in the record supports the court's findings regardless of whether the evidence could support a different outcome as well." *Woerner*, ¶ 29 (citation omitted). The court awarded sole educational decision-making to John because of its findings that Dawn had violated the parties' agreed plan regarding school, that she unilaterally had enrolled them in a new school under the auspices of having vacation time with them, and that when the children were in her care they were more frequently late or absent from school. Based on the evidence, Dawn has not demonstrated clear error in these findings. We conclude that the District Court did not abuse its discretion when it concluded that the best interests of the children will be served by the children residing with John during the school week and with Dawn on the weekends.

¶18 Dawn asserts that the District Court's ruling infringed on her fundamental rights to parent and to travel under the Fourteenth Amendment of the U.S. Constitution and Article II, § 17 of the Montana Constitution. We are not obligated to develop arguments or legal analysis for a party in support of a position taken on appeal. *In re Marriage of McMichael*, 2006 MT 237, ¶ 12, 333 Mont. 517, 143 P.3d 439. Because Dawn has failed to develop

any legal argument or analysis for her constitutional claim, we do not address the argument further.

¶19 Finally, Dawn argues that the District Court erred in awarding attorney's fees and costs to John. The District Court concluded that John "should be entitled to attorney['s] fees for the necessity of filing the motion, reply, and preparing for and attending the hearing." The court ordered, "Dawn shall pay John's reasonable attorney[']s fees and costs for her failure to comply with the Final Parenting Plan, and her failure to comply with § 40-4-234, MCA."

¶20 A district court may order a party in dissolution proceedings to pay a reasonable amount for the attorney's fees and costs of the other party. Section 40-4-110, MCA. Section 37-61-421, MCA, also provides, "An attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney['s] fees reasonably incurred because of such conduct." We review a district court's award of attorney's fees in a dissolution action for abuse of discretion. *Dennison*, ¶ 23.

¶21 "An award of attorney's fees under § 40-4-110 must be reasonable, based on necessity, and rooted in competent evidence." *Weibert v. Weibert*, ¶ 10, 2015 MT 29, 378 Mont. 135, 343 P.3d 563 (citation omitted). "A district court must conduct a hearing [] that includes the opportunity for oral testimony, the introduction of exhibits, and an opportunity to cross-examine in order to demonstrate the reasonableness of any attorney's

9

fees claimed." *Dennison*, ¶ 24 (citation omitted). Dawn contends that the District Court failed to adhere to these rules in awarding attorney's fees. We agree.

¶22 The District Court did not base its award of attorney's fees on either § 37-61-421, MCA, or § 40-4-110, MCA. The court did not hold a hearing on the amount or reasonableness of the fees and did not consider the parties' financial circumstances in the context of attorney's fees, which is required under § 40-4-110, MCA. *See Lewton v. Lewton*, 2012 MT 114, ¶¶ 29-30, 365 Mont. 152, 281 P.3d 181; *Stevens v. Stevens*, 2011 MT 106, ¶¶ 27-28, 360 Mont. 344, 253 P.3d 877 (holding that a hearing on the reasonableness of attorney's fees was not required where the District Court discussed the parties' financial circumstances in the context of attorney's fees). Rather, the District Court invoked the statute regarding elements of a final parenting plan. Section 40-4-234, MCA. This was an abuse of discretion because the parties' final parenting plan did not provide for attorney's fees as a sanction under the statute. Section 40-4-234(2)(g), MCA. We conclude that the District Court abused its discretion by awarding John attorney's fees without articulating a legal basis for the award or determining the reasonableness of the fees awarded.

¶23 John requests that this Court award him attorney's fees for the fees and costs incurred in this appeal. This Court may award sanctions on appeal "if the appellant's claims for relief are 'frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds.'" *In re Marriage of Brown*, 2016 MT 299, ¶ 24, 385 Mont. 369, 384 P.3d 476 (quoting M. R. App. P. 19(5)). We conclude

that Dawn's claims, on the whole, were not taken without substantial or reasonable grounds. We decline to award attorney's fees on appeal.

¶24 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's order on John's motion to enforce the parenting plan is affirmed, and its award of attorney's fees is reversed. The case is remanded for further proceedings on John's request for attorney's fees. We decline Dawn's request to substitute a new judge on remand.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE