FILED

05/05/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0672

DA 25-0672

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 99N

IN RE THE PARENTING OF V.W.,

    A Minor Child,

STEPHANIE ANN LAMARR,

    Petitioner and Appellant,

    and

MARK STACY WHITNEY,

    Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-2020-290A
Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Stephanie A. LaMarr, Self-Represented, Bozeman, Montana

    For Appellee:

    Madison Cisiewski,  Luebeck, Hammar, McCarty & Goldwarg, PLLC,
Bozeman, Montana

Submitted on Briefs:  March 25, 2026

Decided:  May 5, 2026

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant, Stephanie A. LaMarr (LaMarr), appeals from orders of the Eighteenth Judicial District Court, Gallatin County, denying her motion to modify the parenting plan and denying additional subsequent motions. We affirm.

¶3 LaMarr and Appellee, Mark Whitney (Whitney), have one child together, V.W., who is approximately 12 years old. They filed their Stipulated Parenting Plan (SPP) on March 3, 2019, which the District Court adopted on the same day. Pursuant to the SPP, LaMarr has primary custody of V.W. with Whitney enjoying custody during spring and summer breaks from school.

¶4 On June 17, 2024, LaMarr, pro se, filed a motion to amend the parenting plan, along with a supporting affidavit seeking to amend the SPP. In these filings, she asserted Whitney's parenting time should be decreased to one month per year and that she should be granted the exclusive right to make medical decisions for V.W. In her affidavit she asserts V.W. has spent less time with Whitney than that provided in the SPP and that Whitney exposed V.W. to porn-like visuals on his television, terrified V.W. due to multitasking while driving, and that Whitney is not a trained medical professional so she should not have to convince him as to procedures or medical services she believes V.W.

should have or needs. In her accompanying proposed amended parenting plan, she proposes that she will have primary custody, with Whitney having a total of 1 month of parenting time per year "as determined by [V.W.]'s wants," and further proposes the parent in possession will transport V.W. while not using electronic devices, mother will retain V.W.'s passport and claim her for tax purposes, written permission to be required for V.W. to leave Montana, V.W. shall not be exposed to pornography, and that Whitney should pay LaMarr over $11,000 per month in child support. Subsequent to this motion, LaMarr filed various other motions including a motion for discovery, a motion to require use of Our Family Wizard, motions for Whitney to pay mediation costs and LaMarr's legal retainer, and a motion for enforcement of an order/contempt of court asserting a failure of Whitney to pay child support for March 2025.

¶5 In response, Whitney asserted LaMarr's motion to amend the SPP should be denied as LaMarr did not make the required statutory showing of a change in circumstance of the child. Whitney asserted LaMarr's allegations were speculative and unfounded and that she failed to provide any credible, significant evidence that amending the parenting plan as she proposed would be in V.W.'s best interests. He asserted LaMarr is not entitled to discovery of financial information regarding his business as LaMarr made no specific request to either the District Court or the Child Support Services Division (CSSD) to modify child support. He asserted her motion seeking to require use of Our Family Wizard to be another attempt at amending the parenting plan without cause. Finally, he asserted LaMarr established no basis for requiring him to pay for mediation costs or pay LaMarr's legal fees, even if she were not representing herself pro se.

¶6 The District Court reviewed LaMarr's motion for amendment and supporting affidavit, as well as her other subsequent motions, and denied them without first holding an evidentiary hearing. The District Court determined LaMarr's filings failed to make the required statutory showing of a change in the circumstances of the parties' child which would support the amendments she proposed. The District Court noted that in LaMarr's motion for enforcement and contempt, CSSD confirmed Whitney's March child support payment was deposited into LaMarr's account on April 11, 2025, such that contempt was not warranted. The court determined the remaining matters "do not rise to a level justifying a contempt proceeding" but rather were "disagreements and miscommunications that exist in many relationships and particularly with parties who do not get along but share a child together."

¶7 We review a district court's ruling on a motion to amend the parenting plan for an abuse of discretion. *In re Marriage of Brown*, 2016 MT 299, ¶ 11, 385 Mont. 369, 384 P.3d 476. We also apply the abuse of discretion standard—when a court acts without conscientious judgment or exceeds the bounds of reason resulting in substantial injustice—to a district court's decision not to hold an evidentiary hearing. *In re Marriage of Brown*, ¶ 11.

¶8 Pursuant to § 40-4-219(1), MCA, a district court may amend a parenting plan "if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child."

4

A parent who seeks to amend a parenting plan must "submit, together with the moving papers, an affidavit setting forth facts supporting the requested plan or amendment." Section 40-4-220(1), MCA. It is not enough to simply file the motion without specifying how the parenting plan should be amended; the requested amendment must be included with the moving papers. Section 40-4-219(7), MCA. Taken together, these statutes impose a burden on the parent seeking an amendment to show, through affidavits submitted with the motion to amend, facts that were unknown to the court when the parenting plan was adopted or that have since arisen and that necessitate amendment of the parenting plan.

*In re Marriage of Brown*, ¶ 19.

¶9 Upon our review of the record, we agree with the District Court. LaMarr's motion to amend the SPP and supporting affidavit did not articulate a significant change in circumstances of V.W. or articulate how, if there were a change in V.W.'s circumstances, the proposed changes are necessary to serve her best interests as required by §§ 40-4-219 and -220, MCA. The allegations made by LaMarr as to Whitney's driving behaviors or exhibition of porn-like material to V.W. were unsubstantiated. There was no showing of any pending child welfare investigation or substantiation of cited driving infractions. LaMarr did not articulate any change in V.W.'s circumstances necessitating the need for alternate communication services, nor did she show how use of Our Family Wizard would be necessary to serve V.W.'s best interests if such a need had developed. Without more, it was not an abuse of discretion for the District Court to deny amendment of the parenting plan without first holding an evidentiary hearing. Further, LaMarr provided no support for requiring Whitney to pay all of the mediation fees associated with her motion to amend the parenting plan nor did she provide support for requiring Whitney to pay for legal fees she did not incur as she represented herself pro se. Finally, the parties' child support is

5

administered through CSSD. Although LaMarr asserted on her supporting affidavit that she desired Whitney to pay her child support in excess of $11,000 per month, she did not file a motion for modification of child support in the District Court and, as such, the District Court did not abuse its discretion in denying her motion for discovery relating to Whitney's financial information. Should she desire, LaMarr is not foreclosed from seeking modification of child support through CSSD and through that process may be entitled to obtain discovery of Whitney's current financial situation.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ JIM RICE